# UNITED STATES   DISTRICT   COURT

# SOUTHERN DISTRICT OF FLORIDA

# MIAMI DIVISION



FILED by ___ D.C.

JAN 2 7 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. -- MIAMI

**ANDREA K. SILVERTHORNE**

**Plaintiff,**

Vs.

**12-CV-20325-MARTINEZ/MCALILEY**

Case No:

**A L L A N   Y E A M A N, individually;**

**BLUE SKY MIAMI, INC., officially and**

**collectively;  BUSINESS LAW**

**GROUP, P.A., officially and collectively;**

**D A N I E L  DINICOLA,  individually;**

**D A V I D  A.  DESORBO, individually**

**LINCOLN  PLACE,  INC., officially and**

**collectively ; L I N C O L N   P L A C E**

**RESIDENCES,  I N C ., officially and**

**collectively; L M  F U N D I N G, LLC,**

**officially and collectively; MAXWELL SCHEINER, individually**

**Defendants.**

_____  /

1

## VERIFIED COMPALINT

ANDREA K . SILVERTHORNE ["SILVERTHORNE"] hereby asserts the following claims against the Defendants in the above-styled action:

## INTRODUCTION

This action arises under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1985, § 1988;  under the Florida Constitution, Article 1, §§§ 2, 9, 10; Florida Common Law Tort for tortuous interference, breach of contract, fraud and breach of fiduciary; unlawful collection practices, in violation of the Fair Debt Collection Practices Act, 15 USC § 1692 ( hereafter "FDCPA") and ; the Florida Consumers Collection Practices Act  § 559.72 ( hereafter "FCCPA"),  the Federal Trade Commission Act (15 U.S.C. §§ 41-58)( hereafter FTCA) Florida Deceptive and Unfair Practices Act §501.201 et seq (hereafter "FDUTPA"), and the Florida Condominium Act 718 (hereafter "Condominium Act") as applicable in relevant years; and the Florida Landlord Tenant Act. §§ 83.43, 83.44 and 83.54.  The claim arises from the fact the Defendants' entered into a civil conspiracy with intent to deny Silverthorne her constitutionally protected rights to freely enjoy her properties. Additionally, plaintiff seeks temporary and permanent injunctive and declaratory relief (28 USC §§ 2201-2202) and as grounds therefore, submits as follows:

## JURISDICTION AND VENUE

Jurisdiction of this court arises under §§§§§ 28 U.S.C.  1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §§§§§ 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968, and 28 U.S. C. § 1331 (federal question), and 28 U.S C. § 2201 ( Declaratory Judgment Act). Jurisdiction of this court

for the pendent claims is authorized by Federal Rules of Civil Procedure, Rule 18(a), and arises

under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S.

715 (1966); and because of Plaintiff's Canadian citizenship and a March 2, 1899  Treaty ,

between the United States and Great Britain, acceded to by Canada in 1921, specifically

addressing the Tenure and Disposition of Real and Personal Property Rights of one citizen in the

country of the other.  Venue arises under FLORIDA STATUE 47 §§ .011 .051 and is proper

because most of  the  events  occurred  in  Miami-Dade County and six of the parties reside in

Miami-Dade County.

## **PARTIES**

1.  Plaintiff, Andrea K. Silverthorne, ["Silverthorne"]   is a natural person, currently residing at

Wilson Beach, New Brunswick, Box 459 , New Brunswick, Canada , but was a resident of the

State of Florida during all relevant times of this action prior to achieving Canadian residency

requirements on December 31, 2010.

2.  Plaintiff, Andrea K.  Silverthorne, ["Silverthorne"]  was a business owner of NewStar Realty and

Development, Inc., DBA NewStar Realty, Inc., ["NewStar"]PO Box 398148, Miami Beach , FL

33239, operating under the laws of the State of Florida and held a homestead and then a rental

property at 1610 Lenox Ave, unit 506 and a rental property at 1551 Michigan Ave, Unit 1, and at

all times material and relevant was earning capacity income.

3.   Defendant, Allan Yeaman ["Yeaman"], is a natural person residing at 1610 Lenox Ave,

Miami Beach, Florida, 33139 Miami-Dade County, Florida, United States of America and was a

Lincoln Place Residences Board of Directors officer.

4. Defendant, Blue Sky Miami, Inc., ["Blue Sky"] is a license business operating pursuant to the Laws of the State of Florida and located at 1680 Michigan Avenue, Suite-908, Miami Beach, Miami-Dade County, Florida, 33139 at all times relevant and material to this complaint.

5. Defendant, Business Law Group, P.A., ["Business Law Group"] is a license business operating pursuant to the Laws of the State of Florida and located at 301 Platt Street, Suite-375, Tampa, Florida, and a business that uses, regularly, instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another at all times relevant and material to this complaint.

6. Defendant, Daniel DiNicola ["DiNicola"], is a natural person residing at 1610 Lenox Ave, Miami Beach, Miami-Dade County, Florida, United States of America and was a Lincoln Place Residences Board of Directors officer at all times relevant to this complaint.

7. Defendant, David A. Desorbo ["Desorbo"], is a natural person residing at 1610 Lenox Ave, Miami Beach , Miami-Dade County, Florida, United States of America and was President of  Lincoln Place Residences Condominium Association at all times relevant and material to this complaint.

8. Defendant, Lincoln  Place,  Inc., ["Lincoln Place"]is a for profit corporation licensed in the State of Florida and located at 1551 Michigan Ave, Miami Beach, Miami-Dade County, Florida 33139 and operating under the laws of the State of Florida at all times relevant and material to this complaint.

9. Defendant, Lincoln Place Residences, Inc., ["Lincoln Place"], is a not for profit corporation and located at 1610 Lenox Avenue, Miami Beach, Miami-Dade County, Florida 33139 and

operating under the laws of the State of Florida at all times relevant and material to this complaint.

10. Defendant, LM Funding, LLC, ["LM Funding"] is a Florida Limited Liability Company and located at 320 West Kennedy Boulevard, Fourth Floor, Suite-A, Tampa, Florida 33606, and operating under the laws of the State of Florida at all times relevant and material to this complaint.

11. Defendant, Maxwell Scheiner, is the principal of Blue Sky Miami Inc. and holds `the Community Association License under which Blue Sky Miami operates.

12. Silverthorne reserves the right to amend this claim to add the Board of Directors of Lincoln Place, individually and Siegfried, Riviera, Lerner, Del la Torre and Sobel, P.A. collectively to the law suit, after discovery.

13. Silverthorne reserves the right to add additional equitable claims to her suit, including but not limited to unjust enrichment and conversion and to add the exact dates and amounts of special assessments of Lincoln Place and Lincoln Place residences as facts to the claim once she can access her records in storage.

14.Lincoln Place Condominium Association and Lincoln Place Residences Condominium Association's Articles of Incorporation, Declaration of Condominium, and bylaws provide for a 3-member Board of Directors governing the association, with 3 members each elected by the residential unit owners.

15.    The Declaration of Condominium provisions for special assessments at Lincoln Place and Lincoln Place Condominiums provide in pertinent part: that, both a quorum meeting of 1/3 of the

members in attendance and a vote of the majority of its members, 50% plus one is required for a

special assessment, as so described in the Lincoln Place Residence and Lincoln Place documents

Special Assessments "should the assessments proven to be insufficient to pay the costs of

operation of the condominium, or should any emergency arise, the Board shall have the authority

to levy such additional assessment(s) as it may deem necessary, subject to obtaining the

association membership's approval of such Special Assessment by majority vote, at a duly called

meeting of the Association at which a quorum is present."

16.    Silverthorne sues all Defendants in their personal and official capacity as consequence of

the failure and breach of agreements and fiduciary relationships, and violation of state and

federal laws, conducted in bad faith and with willful intent and malice contrary to any covenants

executed and entered as management authority with Lincoln Place Residences and Lincoln Place

unit owners.

17.    At all times material and relevant to this complaint, all Defendant's acted toward

Silverthorne with willful intent, malice, misfeasance, malfeasance and without compliance to the

laws, ordinances, customs and usage of the policy and procedures according to the laws of the

State of Florida and the Constitution of the United States rising to the level of fraud and

outrageous and unreasonable behavior, causing damages to Silverthorne

18.    All conditions precedent to the maintenance of this action have been performed or have

occurred prior to its institution, including those set forth in Florida Statute 718 and the filing of

administrative complaints with the State of Florida, Department of Professional Regulations; and

the Office of Ombudsman for Condominiums.

19.    Silverthorne files this civil suit alleging Seven Counts of State of Florida and United States Civil Rights violations, contrary to the U. S. Constitution Amendment V, Article I §9 of the Florida Constitution, 148.83 Florida Statute, and 42 USC § 1983 and 1985, in connection with these violations of the Florida Condominium Act.

## STATEMENT OF FACTS

20.    On or about November 2001,  Silverthorne purchased a 2 bedroom  1 1/2 bath condominium at 1610 Lenox Avenue, Miami-Dade County, Florida, 33139, Lincoln Places Residences, more specifically  located at 1610 Lenox Ave, Unit 506, Miami Beach, Florida, Miami-Dade County, Florida, 33139 and on or about April, 2001 purchased a 1 bedroom 1 bath condominium at 1551 Michigan Ave, Miami Dade County, Florida 33139, Lincoln Place, more specifically located at 1551 Michigan Ave, Unit 1, Miami Beach, Florida, Miami-Dade County, Florida

21. On or about October 2007, Silverthorne discovered a Condominium Special Assessment fees had been lodged against her property 1610 Lenox Avenue, unit 506 Miami-Dade County, Florida, 33139 without providing proper notice and compliance to the Lincoln Place Residences Declaration of Condominium and that the same practice had been occurring against the Lincoln Place Condominium Declaration of Condominium at 1551 Michigan Ave unit 1, Miami-Dade County, Florida 33139

22.  In October 2007, Silverthorne notified both boards of directors in at Lincoln Place and Lincoln Place Residences that she disputed the special assessments because the enactment was comprised in violation of the condominium declarations, and such conduct by the association

turns the debt to the association- to collect such "debt" requires proof of the need for such special assessment and proper notice and voting procedures.

23. In November 2007, Desorbo informed Silverthorne their Lincoln Place Residences' attorney had advised them in a written letter: they should have a majority vote on all assessments.

24. On February 28, 2008, Blue Sky Miami sent email transmissions bulletins to Lincoln Place Residences members advising them that there was a delinquency list on the Association's web site that they could visit denoting debtors. The list included Silverthorne as delinquent one monthly payment and late fee  At this point it was determined Silverthorne had no debt. Despite Silverthorne's request to eliminate her name, the notice remained.

25.    In April 2008, Silverthorne notified both associations that her obligation to pay past-due assessments  were not valid but their attempts to collect qualified as a "debt" because the obligation arose from the purchase of the underlying property, therefore she must receive proper notice of "debt collection" which Lincoln Place Residences,  Lincoln Place, Blue Sky Miami and Scheiner have failed to do.

26.   April 2008, the officers of the Lincoln Place Residence levied an additional assessment against both Silverthorne's condominiums without proper notice and voting procedures. Silverthorne subsequently discovered that the voting and minute meetings had both been fraudulently changed and added to after recording. Blue Sky Miami promised to change them back and never did.

27. In June, 2008, Silverthorne initiated a complaint with the Department of Business and Professional Regulation (DBPR), a dispute that not subject to arbitration, against Lincoln Place

Residences for the need and validity of the 2007 and 2008 Special Assessment and demanded that the Association provide proof of the need for such an extensive assessment and proof of proper notice and voting procedures.

28. In September 2008, Defendant Blue Sky Miami officials forwarded electronic mail correspondence known as a delinquency list to association members of both Lincoln Place and Lincoln Place Residences on a community website which publically informed of which unit owners were delinquent [in debt]. These same lists were distributed at association meetings, including when Silverthorne was present.

29. In October, 2008 the DBPR, despite the fact Silverthorne's complaint had been lodged prior to October 1, 2008, advised Silverthorne that Florida Statute 718 had changed on October 1, 2008, and they no longer had jurisdiction to investigate the claim.

30. On February 11, 2009, the law firm of Cuevas & Ortiz, P.A., sent plaintiff a written letter correspondence for a Claim of Lien on plaintiff's property together with a thirty day notice of foreclosure for the special assessment plaintiff refused to pay with a threat of receivership on all tenant rental payments. Silverthorne disputed the debt within the 30 day period allowed by law, for special assessments procedures not allowed under her condominium documents.

31. On February 24, 2009 an email bulletin was sent to members saying the call box at Lincoln Place Residences would be reprogrammed and that only requests from members that were current on their maintenance balances would be programmed and allowed access. Silverthorne advise the Board of Directors of Lincoln Place Residences that this violated the Condominium Act.

32. On March 5, 2009, either the law firm of Cuevas & Ortiz, P.A., or Blue Sky Miami, on behalf of Lincoln Place Residences Condominium Association, filed a claim of lien against the condominium property located at 1610 Lenox Ave unit 506 Miami Beach, Florida 33139 in the public record. This date was prior to and in violation of the 30 day requirement expiration period and after Silverthorne had disputed the debt.

33. In April 2009, Lincoln Place Residences lodged a third special assessment fee on unit owners without providing proper notice and compliance to the condominium's declaration. Silverthorne later discovered the vote was less that the numerical requirements for passage. Minutes showing 15 unit owners preset and 11 yes votes appeared on the association's website under record and approved meeting minutes.. After notifying the board, a new set of meeting minutes was posted changing and showing a deceptive number of association members being present and voting, and Silverthorne was supplied with new voting records with additional votes.

34. Lincoln Place continually levied small assessments without proper notice and voting procedures in compliance with the condominium's declaration

35.     On or about June, 2009 Lincoln Place entered into a verbal agreement with plaintiff to set aside the debt, late, and legal fees and Lincoln Place ceased collection efforts.

36.     On or about June, 2009 Desorbo and DiNicola entered into a verbal agreement with Silverthorne on behalf of Lincoln Place Residences to set aside the debt, late and legal fees, including unpaid special assessments incurred due to illegal assessments and in part to Silverthorne's tenant's impromptu vacation of the property located at 1610 Lenox Ave, Unit 506,

Miami Beach, Florida 33139, because Blue Sky Miami had told Plaintiff's tenant they intended to foreclose on Silverthorne's property

37.     On or about April, 2010, Blue Sky Miami and the Board of Directors of Lincoln Place engaged John Doran, a non-association member and a former real estate client of Silverthorne's company, NewStar to negotiate an unconscionable and deceptive 50% debt payoff with Silverthorne, prior to the association's threat to sell the debt to a third party.

38.     In July 2010, Business Law Group, on behalf of LM Funding, Lincoln Place Residences and Lincoln Place, mailed a notice of collections and demand for rent on Silverthorne's properties located at 1610 Lenox Ave unit 506, Miami Beach, Florida, 33139 and 1551 Michigan unit 1, Miami Beach, Florida, 33139, which demanded from Silverthorne's tenants, payment for rent to Lincoln Place Residences and Lincoln Place. Silverthorne wrote to Business Law Group and stated that the debt had been settled. Lincoln Place Residences agreed to reinstate the settlement. Desorbo acknowledged in a written email that there was a deal in place. Business Law Group was so informed. Despite this, Business Law Group continued collection efforts at Lincoln Place Residences through August 2010, when a second request from Desorbo to cease collections was made. Lincoln Place sent Silverthorne a letter through Business law group asking for $150.00 a month payments on the full alleged balance, including interest late fees and attorneys fees. Silverthorne wrote back and again denied the debt. All collection efforts ceased.

39. On December 29, 2011, after an abatement in collections by all Defendants, the demand for rent was sent again from Business Law Group to both Lincoln Place's and Lincoln Place Residences' tenants, and this time the notices were posted by Blue Sky Miami open faced on the doors of Silverthorne's units at 1610 Lenox Ave, unit 506, Miami Beach, Florida, 33139 and

1551 Michigan Ave Unit 1, Miami Beach, Florida 33139. When Silverthorne contacted Desorbo at Lincoln Place Residences, he advised the deal was off, per Allan Yeaman. In the case of Lincoln Place Residences, the association also threatened lock out by denial of tenant's new entrance fob if rent was not paid to the association. Tenant, despite landlords claim she owed no debt, paid rent to the association and vacated lease early. Silverthorne again complained to the DBPR about the lock out from common elements use to access her unit.  The department sent the association an educational letter advising them they were violating the Condominium Act 718.103, 106 and 303.

40. On or about January, 2011, Business Law group ceased collections, while on April 1, 2011, Lincoln Place Residences made a verbal agreement with Silverthorne to escrow rental funds from any new tenant at the property located at 1610 Lenox Ave, unit 506 until Silverthorne returned from school in Canada and could institute legal proceedings, without requiring her to admit to the debt.

41. On or about February 2011 Lincoln Place Residences turned off the fobs device for Silverthorne's property location prohibiting Silverthorne's access to her property and deactivated code for garage door opener. [1]

42 In March 2011, Silverthorne gain agreement from the Board of Directors of Lincoln Place Residences to rent the unit and escrow the rent, without admitting to the debt, until Silverthorne could return from Canada and resolve the debt or pursue legal remedy.

───────────────────

[1] Wireless transmitters that operate the property unit entrance, or garage gates. Clicking the garage opener opens the gates to the garage area; presenting a fob close to the reader location at each door or elevator cab operates all other doors. Each used of the fob access device is controlled/monitored by a computer.

43. In April 2011, Silverthorne's real estate agent found a tenant who signed a lease and applied for residency approval through Blue Sky Miami. Lincoln Place denied the approval because when Silverthorne sign authorization for escrow, she crossed out admission to the debt and specifically denied it. Lincoln Place Residences denied the debt.

44. In April, 2011, Silverthorne received an email from Desorbo asking her to admit to the debt and that they would refund her money later. Silverthorne refused to admit to the debt. The apartment has remained vacate ever since, denying Silverthorne income.

45. In November 2011, after discovering in the public record that Lincoln Place and Lincoln Place Residences had filed foreclosure liens against Silverthorne's properties in March of 2010 and March 2011, without proper notice or service and without proceeding to file a foreclosure action within the 90 days required by the Condominium Act, Silverthorne requested the liens be removed for lack of due process and proper service, and Silverthorne informed Lincoln Place Residences that she was going to move into the unit and would begin paying maintenance as soon as the fobs were turned on and access granted. Blue Sky Miami replied they would turn on the fobs- but did not -and has not- removed the liens.

46.    On or about October, 2011 Blue Sky Miami posted a notice to remove a motorcycle in a space previously added by authorized amendment by the Board of Directors of Lincoln Place, specifically for the motorcycle and not prohibited by municipal statute, in a space specifically created as an L.C.E. for owner's tenant's use at 1551 Michigan Ave unit1 , Miami Beach, Florida 33139. Silverthorne contacted Blue Sky Miami twice and referred them to the amendment to the condominium documents that gave Silverthorne the space as an L.C.E, in exchange for reversion of certain areas of her L.C. E to the association.

47. In November, 2011, Silverthorne visited the Office of the Department of Business and Professional Regulation's Ombudsman's office in Ft Lauderdale, to ask for their help in turning on the fobs for entrance to the condominium. Mr. Chris Olson, the Ombudsman agreed to open a case and send an education letter advising Lincoln Place Residences and Blue Sky Miami that they were violating the Condominium Act. He advised Silverthorne that lock out from one's home entrance was not on the list of major violations that was under the jurisdiction of the department to be investigated- or enforced. The fobs were still not turned on.

48. On October 16, 2011, Blue Sky Miami posted an open faced notice on Blue Sky Miami stationary of maintenance payment delinquency on Silverthorne's property, located at 1551 Michigan Ave unit 1 Miami Beach, Florida 33139 demanding tenant's rent and stating that Silverthorne had not paid maintenance since January 2010, which was incorrect. They also posted a copy of a past meeting notice which had not been sent to Silverthorne, which requested special assessment payment for from members without any vote at all for an unqualified One Thousand ($1.000.00) Dollar special assessment for the purpose of eviction and hiring of an attorney.

49.     On or about November 2011, Matthew Scheiner, on behalf of Blue Sky Miami and Lincoln Place initiated eviction proceedings against Silverthorne's property location at 1551 Michigan Ave, Unit 1, Miami Beach, Florida, 33139, without using funds for use of an attorney. Silverthorne moved to dismiss, citing the debt dispute the inapplicability of the July 1, 2010 law, and the fact Blue Sky Miami could not handle the eviction; it had to be an attorney and further that Blue Sky Miami had falsely represented Lincoln Place as the owner of the unit.  The law

firm of Siegfried Rivera Lerner del la Torre and Sobel was retained and moved to dismiss the law suit without prejudice.

50. In November 2011 Blue Sky Miami removed the motorcycle, valued at Ten Thousand ($10.000.00) Dollars, which had been entrusted to owner's care. The association has refused to return the motorcycle after two requests.

51.     In December 2011, on a visit to Blue Sky Miami, this was recorded by Silverthorne. Blue Sky Miami finally turned on Silverthorne's entrance fobs, but said they would turn off in 30 days and that the provision to do so was now in the Bylaws.. Silverthorne advised Blue Sky Miami: it was an illegal provision and asked for a copy of the Bylaws. Blue Sky Miami personal  refused to given a copy of the Bylaws to Silverthorne, and told Silverthorne that she had to write a letter requesting them.

52.     On or about December 2011, Silverthorne submitted a written request for a copy of the new condominium by-laws which allowed Defendants to deactivate the fob device for 30 day periods, a violation of the Condominium Act. They have not been provided.

53. In January 2012 the fobs for Lincoln Place Residences were turned off. Silverthorne wrote Lincoln Place Residence a letter stating she could not move in until assurances from the Board were received that her fob would stay on.

54 In January, 2012 the law firm of Siegfried, Riviera, Lerner, Del La Torre and Sobel filed a Three Day Demand for rent against the tenant citing the July 1, 2010 Law as their justification. Silverthorne wrote the law firm a letter citing a recent Supreme Court of Florida case that said a true controversy existed over the debt; material facts had not been addressed by the association

and new laws did not apply to existing condominium documents, unless specific language appeared in the condominium documents providing that amendments to the law applied. Silverthorne further requested that they cease and desist attempting to have tenant pay them rent. The law firm served the tenant with eviction On January 21, 2012.

55.   Silverthorne has been deleted from Condominium mailing list and common web site for three years and therefore reserves the right to add additional facts after discovery.

56. Silverthorne's damages result from violations of federal and state laws, but are not limited to, general damages as provided under Florida law, and special damages associated with Silverthorne's inability to meet her monthly expenses and the resulting losses. Such damages were foreseeable. In Silverthorne's case, her monthly expenses include her home in Florida and Canada, her tuition to St Thomas University in Fredericton, New Brunswick, Canada. Silverthorne had to drop out of school in October where she was an A average student pursuing a dual major in journalism and environmental studies, awaiting determination of scholarship eligibility, thus delaying her entry to the work place one full year. Silverthorne's damages also result from lost rents and the fact: after the first public publishing of her disputed debts to the members of the association her real estate company, NewStar Realty, Inc. never received another listing contract from building owners. Silverthorne was the broker who handled the conversion sell out of the buildings and had a regular income stream from repeat and referral business from this source. Silverthorne is 68 years old and require monthly funds for medicine which is not covered by Canadian Medicare and often goes without her medicine.

## COUNT I

## VIOLATION OF THE FAIR

## DEBT COLLECTION PRACTICES ACT

57 . Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 with the same force and effect as herein set forth.

58. This is an action of unfair debt collection practice against all Defendants. Relation to State Laws, 15 USC 1692n §816, provides: "a State Law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided for this title." All Defendants are defined as "debt collectors" under the FCCPA, FS 559.55(6), and maintenance fees and special assessments are defined under the FCCPA FS 559.55(1) as debts. In the entire course of their action Defendants repeatedly, intentionally, willfully and, or negligently violated provisions of the FDCPA, rising to the level of outrageous actions and behavior.

## FIRST CAUSE OF ACTION

59. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 and 58 above with the same force and effect as herein set forth.

60. All Defendants sent letters concerning collection of a debt to Silverthorne's tenants without stating the debt was disputed, thus misrepresenting the character, amount and legal status of the debt, in violation of 15 USC 1692(e) §807(2)(a)

## SECOND CAUSE OF ACTION

61. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56, 58 and 60 above with the same force and effect as herein set forth.

62. Blue Sky Miami and Lincoln Place used false, deceptive and misleading representation in connection with a collection of a debt by;

(a)False representation or implication that Lincoln Place was the owner of Silverthorne's property and

( b) False representation that Scheiner of Blue Sky Miami was an attorney, acting to collect a disputed debt when they sued for seizure of rent or eviction of Silverthorne's tenant at Lincoln Place in violation of 15 USC 1692e §807(9)(3)

## THIRD CAUSE OF ACTION

63. Silverthorne repeats and re-alleges and incorporates by reference the allegations in , paragraphs 1 through 56, 58  60  and  62 above with the same force and effect as herein set forth

64.. All Defendants, by communicating and threatening to communicate to  Silverthorne's tenants and members of the Association  a debt, which should have been known to be false including that a disputed debt is disputed, violated 15 USC 1692e § 807 (8)

## FIFTH CAUSE OF ACTION

65. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 62 and 64 above with the same force and effect as herein set forth.

66. All Defendants used false deceptive and or misleading representations by representing by implication that nonpayment of Silverthorne's debt could provide for seizure of Silverthorne's rightful rent from tenant in violation of 15 USC 1692 § 807(4).

67 And by instituting a lien, with no notice or service to Silverthorne, when they had no intent to institute a foreclosure action in violation of 15 USC 1692 §807 (5)

## SIXTH CAUSE OF ACTION

68. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, and 66-67 above with the same force and effect as herein set forth.

69. Scheiner and Blue Sky Miami, Lincoln Place and Lincoln Place Residences failed to disclose in their initial communications, sent by Blue Sky Miami via email, that the debt collector was attempting to collect a debt and that any information obtained will be used for that purpose and that the communication is from a debt collector in violation of 15USC 1692e § 807 (11)

## SEVENTH CAUSE OF ACTION

70. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67 and 69 above with the same force and effect as herein set forth.

71. All Defendants communicated with third parties, without the prior consent of the consumer or a court of competent jurisdiction, about a debt based in material fact, which was in dispute, by

mailing demand for rent letters to Silverthorne's tenants, by posting open faced notices displaying the amount of the debt on Silverthorne's property for anyone that passed to see.

Defendants Lincoln Place, Lincoln Places Residences Desorbo, Yeaman, DiNicola , Blue Sky Miami and Maxell Scheiner communicated with third parties by broadcast email pointing to debtor list to association members and Lincoln Place communicated with third parties by advertisement to Silverthorne's former real estate client, the imminent sale of her debt, and by requesting him to negotiate without disclosure of the debt dispute, and with incorrect status of the debt- to coerce payment in violation of 15 US C 1692c §805 (b)

## EIGHTH CAUSE OF ACTION

72. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69and 71 above with the same force and effect as herein set forth.

73. All Defendants engaged in conduct the natural consequence of which was to harass, oppress or abuse Silverthorne in connection with collection of a debt as well as other malicious and persistent actions as follows:

(a) Lincoln Place, Lincoln Place Residences, Desorbo, Yeaman, DiNicola, Blue Sky Miami and Maxwell Scheiner restricted Silverthorne's access to the common association web sites and ceased mailings from the associations.

(b) All Defendants made threats to seize or actually seized tenant's rent.

(c) Lincoln Place Residences, Desorbo, Yeaman, DiNicola, Blue Sky Miami and Maxwell Scheiner, perpetually, repeatedly and persistently, willfully threaten to lock Silverthorne's tenant out of the property and maliciously locked Silverthorne out from her property.

These actions are in violation of 15 USC 1692d § 806 (3), and or (4).

## NINTH CAUSE OF ACTION

74. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71 and 73 above with the same force and effect as herein set forth.

75. Lincoln Place and Lincoln Place Residences used unfair practices or unconscionable means to collect a debt after they breached the oral agreement with Silverthorne, implied both in fact and in law, which concerned an original amount attributable to special assessments not authorized by the Association's Declaration of Condominium in violation of 15 USC 1692 f §808 (1)

All Defendants used unfair practices and unconscionable means to collect a debt by taking or threatening to take any non judicial action to effect disablement or disposition of property in violation of 15USC 1692f (a), (b), and (c).

76. Silverthorne has suffered both general and specific damages as a result of the Defendants violations of the Fair Debt Collection Practices Act. Defendants' violations of the act proximately caused these losses, which Defendants knew or should have known would be the invariable result of their actions. Defendants' conduct was willful, and intentional, persistent and repeated, rising to the level of outrageous behavior.

*Wherefore* , Silverthorne requests this court to enter judgment in her favor and seeks general, statutory and special damages from all Defendants, plus costs, interest, and any attorneys fees( under §57.105, FLORIDA STATUTES, as applicable) , and any other relief this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMERS COLLECTION PRACTICES ACT.

77. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73 AND 75-76 above with the same force and effect as herein set forth.

78. This is an action of unfair debt collection practices against the parties as follows:

### FIRST CAUSE OF ACTION

79. Blue Sky Miami and Maxwell Scheiner from time to time, outside of the regular operation management of Lincoln Place's and Lincoln Place Residences' management, functions as a debt collector of maintenance fees due. Community Association Managers and their management companies are not exempt from registration requirements of the Florida Consumers Collection Practices Act (FCCPA). The failure of the Defendant's registration is a violation of FLORIDA STATUTE 559.53c, (2) and (5).

### SECOND CAUSE OF ACTION

80. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79 above with the same force and effect as herein set forth.

81. L.M. Funding and Business Law Group violated FLORIDA STATUTE 559.72(3) and (6), when they repeatedly told Silverthorne, after she disputed the debt that they would disclose to Silverthorne's tenants orally or in writing directly or indirectly information affecting the debtor's personal reputation  credit worthiness without also informing the debtor that the existence of the dispute would also be disclosed.

### THIRD CAUSE OF ACTION

82. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76, 78-79 and 81 above with the same force and effect as herein set forth.

83. All Defendants violated FLORIDA STATUTE 559.72(7) by willfully and repeatedly communicating with the debtor and her tenants with such frequency as can be reasonably expected to harass the debtor or her tenants and they will fully engaged in other conduct which can reasonably be expected to abuse and or harass the debtor or her tenants as follows:

(a) All Defendants conspired to communicate in writing or orally to Silverthorne and her tenant the demand to pay them rent or face eviction.

(b) Scheiner, Desorbo, Yeaman and DiNicola individually and Lincoln Place Residences and Blue Sky Miami, collectively conspired to lock tenant and Silverthorne out her property.

c. Lincoln Place and Blue Sky Miami, collectively and Scheiner, individually, conspired to first threaten removal of tenants lawfully parked motorcycle and then actually removed the motor cycle and have failed to return it after repeated requests.

## FOURTH CAUSE OF ACTION

84. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71 ,73, 75-76 AND 78-79, 81 AND 83  above with the same force and effect as herein set forth.

85. All Defendants violated FLORIDA STATUTE 559.72 (5) by conspiring to disclose to Silverthorne's tenants and anyone passing by her unit's doorways a disputed debt that was under agreement to be set aside effecting her reputation as an individual and a Realtor.

## FIFTH CAUSE OF ACTION

86. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83 and 85 above with the same force and effect as herein set forth.

87. All Defendants conspired to disclose information concerning the existence of a debt, known to be reasonably disputed by the debtor, without disclosing the fact, thereby violating FLORIDA STAUTE 559.72 (6).

## SIXTH CAUSE OF ACTION

88.  Silverthorne repeats and re-alleges and incorporates by reference the allegations in
paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85 and 87 above
with the same force and effect as herein set forth.

89. All Defendants claimed, and repeatedly attempted and threatened to enforce a debt when they
knew or should have know after Silverthorne told them that the debt was not legitimate, and all
Defendants assert the legal right to seize tenants rent as a legal right, when they knew that the
right did not exist in violation of FLORIDA STATUTE 559.72(9)

## SEVENTH CAUSE OF ACTION

90. Silverthorne repeats and re-alleges and incorporates by reference the allegations in
paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87 and 89
above with the same force and effect as herein set forth.

91.Blue Sky Miami and Lincoln Place, collectively and Scheiner, individually, used a
communication, via the eviction claim, placed on Silverthorne's tenant's door at  that  gave the
appearance of being authorized, issued and approved by an attorney at law, using a form that
only attorneys are authorized to prepare in violation of FLORIDA STATUTE 559.72(10), (11).

## EIGHT CAUSE OF ACTION

92. Silverthorne repeats and re-alleges and incorporates by reference the allegations in
paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87, 89 and 91
above with the same force and effect as herein set forth.

93. Lincoln Place, Lincoln Place Residences and Blue-sky Miami, collectively and Scheiner, Desorbo, Yeaman and DiNicola, individually, published and posted before the general membership of both Associations a list of names alleged to be indebted to the association in association meetings and on association web sites, as well as sending broadcast emails directing the associations members where they could find the lists, in violation of FLORIDA STATUTE 559.72(14).

94. Defendants' violations of the Florida Fair Consumer Collections Practices Act were willful, intentional  and malicious and proximately caused general and specific damages to Silverthorne.

*Wherefore*, Silverthorne requests this  court to enter judgment in her favor and seeks general and specific damages from all Defendants, plus costs, interest, any attorney's fees ( as provided by §57.105, FLORIDA STATUTES, as applicable), and any further relief this Court deems just and proper.

## COUNT III

## BREACH OF FIDUCIARY DUTY-AGAINST  LINCOLN PLACE AND LINCOLN PLACE RESIDENCES, COLLECTIVELY AND DESORBO, YEAMAN AND DINICOLA, INDIVIDUALLY.

95. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87, 89, 91, 93-94,   above with the same force and effect as herein set forth.

96. A fiduciary duty exists between the officers and directors of the association and the unit owners under FLORIDA STATUTE 718.111(1) (a)

97. The Board of Directors owed a fiduciary duty to Silverthorne to protect her expectancy interests in the Declaration of Condominium as defined by the Condominium Act that existed at the time of their incorporation. The Declarations of both Lincoln Place and Lincoln Place Residences define the Condominium Act as the one that existed at the time of incorporation of their Declarations and do not provide for allowance of new laws, without amendment to the condominium documents as provided by the Declaration.

98. Silverthorne relied, trusted and reposed confidence in the Board of Directors of Lincoln Place, Lincoln Place Residences and its directors, Desorbo, Yeaman and DiNicola, to protect her right to rely on the expected and anticipated governance of the Declaration of Condominiums at Lincoln Place and Lincoln Place Residences, as defined by the Condominium Act at the time it existed. In the Declaration of Condominium of both Lincoln Place and Lincoln Place Residences, the Condominium Act is defined as the Act that existed at the time of the incorporation of their Declarations of Condominium

99. Lincoln Place, Lincoln Place Residences and its directors, Desorbo, Yeaman and DiNicola intentional and willfully and therefore maliciously betrayed Silverthorne's confidence and trust. in the case of Lincoln Place Residences, officers Desorbo, Yeaman and DiNicola actions rose to the level of fraud, because they were made aware of the provision in the documents that disagreed with their procedures by legal counsel and additionally avoided seeking a Declaratory Statement from the State of Florida and continued to deceive unit owners.

100. Lincoln Place, Lincoln Place Residences and Desorbo, Yeaman and DiNicola breached their fiduciary duty to Silverthorne when they:

(a) Levied special assessments not accordance with the condominium documents of Lincoln Place and Lincoln Place Residences

(b) Instituted collection actions not provide or available to them, in the Declaration of Condominium of Lincoln Place and Lincoln Place residences, including but not limited to: the demand for tenants' rent, and open face postings and mailing of notices to Silverthorne and her tenants, which are not provided under FLORIDA STATUTE 718.116 as it existed and is defined in Silverthorne's Declaration of Condominiums at Lincoln Place and Lincoln Places residences, which are identical, in this regard and provide only for lien and subsequent foreclosure action.

(c). Sold Silverthorne disputed debts to a third party without any attempt to settle the debt in accordance with the governing Declaration of Condominiums- and without disclosing the dispute.

101. Lincoln Place Residences, Desorbo, Yeaman and DiNicola breeched their fiduciary duty to Silverthorne when they:

(a) Caused Silverthorne to lose rent and the ability to pay her regular monthly assessment by refusing approval of Silverthorne's tenants when the debt was disputed and, or under an implied in fact and law contract, thereby deny Silverthorne rightful income from the unit.

(b) Threaten Silverthorne's tenant at Lincoln Place Residences with lock out unless they paid the association Silverthorne's rent, and then actually did lock Silverthorne herself out of her

property at Lincoln Place Residences, a direct violation of Florida Statute.718.103, 106 and 303 and potentially endangering tenant's and Silverthorne's life, health and safety.

(c) Slandered Silverthorne's titles to her properties at 1610 Lenox Ave unit 506, by filing liens without proper notice, repeatedly, and failing to remove them after 90 days.

102. Lincoln Place breached their fiduciary duty with Silverthorne, when they created fear of eviction in the tenant, forcing Silverthorne to reduce rent and caused to be removed- her tenant's motorcycle- left in her safe keeping while tenant was out of town. Their failure to return the motorcycle may rise to the level of the crime of theft or conversion.

(c) Slandered Silverthorne's title to her property, by filing liens without notice and proper service and failing to remove them 9o days later when they did not file a foreclosure action.

103. The actions of Lincoln Place and Lincoln Place Residences, DiNicola, Desorbo and Yeaman, all rise to the level of fraud negligent misfeasance and malfeasance.

104. FLORIDA STATUTE 718.123 (a) provides;"As required by s. 617.0830, an officer, director, or agent shall discharge his or her duties in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner he or she reasonably believes to be in the interests of the association. An officer, director, or agent shall be liable for monetary damages as provided in s. 617.0834, if such officer, director, or agent breached or failed to perform his or her duties and the breach of, or failure to perform, his or her duties . . . constitutes recklessness or an act or omission that was in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

105. Silverthorne has suffered both general and special damages as a result of Lincoln Place's, Lincoln Place Residences', DiNicola's, Desorbo's and Yeaman's breaches of fiduciary duty. Their breeches proximately caused these losses, which they knew or should have known would be the invariable result of the breaches. Their conduct was willful, intentional and malicious, rising to the level of outrageous behavior.

*Wherefore*, Silverthorne requests this  court to enter judgment in her favor and seeks general and specific damages from all Defendants, plus costs, interest, any attorney's fees ( as provided by §57.105, FLORIDA STATUTES, as applicable), and any further relief this Court deems just and proper.

## COUNT IV

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST SCHEINER AND BLUE SKY MIAMI

106.  Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87, 89, 91, 93-94, and 96-105 above with the same force and effect as herein set forth.

107. FLORIDA STATUTE 718.111(1) (a), which provides for a fiduciary relationship between a condominium association Board of Directors and its unit owners, also provides: "It is the intent of the legislature that nothing in this paragraph shall be construed as providing for or removing a requirement of a fiduciary relationship between and manager employed by the association and the unit owners." Lincoln Place and Lincoln Place Residences meet these requirements.

108. Florida Statute 468.431(1) and (2)states that community association management " means any of the following practices requiring substantial specialized knowledge, judgment, and managerial skill when done for remuneration and when the association or associations served contain more than 10 units or have an annual budget or budgets in excess of $100,000: controlling or disbursing funds of a community association, preparing budgets or other financial documents for a community association, assisting in the noticing or conduct of community association meetings, and coordinating maintenance for the residential development and other day-to-day services involved with the operation of a community association."

109. Scheiner is a professional Community Association Manager, license under FLORIDA STATUTE 468.431.

110. Blue Sky Miami operates under Steiner's license.

111. Scheiner and Blue Sky Miami at all times maliciously, intentionally, knowingly – and without justification, aided and abetted Lincoln Place's , Lincoln Place Residences', Desorbo's, Yeaman's and DiNicola's breaches of their fiduciary duty to Silverthorne for the purpose of self enrichment, by colluding with Lincoln Place and Lincoln Place Residences when they:

(a) Denied approval for Silverthorne's tenant's at Lincoln Place Residences.

(b) Removed tenant's motorcycle from its storage spot at Lincoln Place.

(c) Posted open faced notices from debt collectors and from Blue Sky Miami on Silverthorne's units at Lincoln Place and Lincoln Places Residences, stating she had a debt that was in dispute, operating as an unlicensed debt collector under FLORIDA STATUTE 559. 55 on behalf of the associations, while so doing.

(d) Sent out repeated emails to collect a debt without proper debt collection notification and continued to send notices after Silverthorne Disputed the debts.

(e) Refused to give Silverthorne new bylaws without a written request, ignoring Silverthorne's subsequent written request.

(f) Assisted in the sale of Silverthorne's debt to a third party.

(g) Recorded liens without notice or service against Silverthorne properties at Lincoln Place and Lincoln Place Residences.

112.  Scheiner and Blue Sky Miami malicious actions (for the purpose of their own self-enrichment), proximately caused general and special damages to Silverthorne.

*Wherefore*, Silverthorne requests this court to enter judgment in her favor and seeks general and specific damages from all Defendants, plus costs, interest, any attorney's fees ( as provided by §57.105, FLORIDA STATUTES, as applicable), and any further relief this Court deems just and proper.

## COUNT V.

### TORTIOUS INTEFERENCE OF CONTRACT- AGAINST Y E A M AN , BLUE SKY MIAMI, BUSINESS LAW GROUP, DINICOLA, DESORBO, LINCOLN PLACE, L I N C O L N   P L A C E  RESIDENCES, L M  F U N D I N G AND SCHEINER

113. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87, 89, 91,93-94,96-105,102-112 above with the same force and effect as herein set forth.

114. A business relationship existed through leases between Silverthorne and her tenants, at Lincoln Place and Lincoln Place Residences.

115. All Defendants knew that Silverthorne had a contract with her tenants and they had no prior permission to take tenant's rent in case of Silverthorne's default.

116. All Defendants knew the new law did not apply to existing condominium documents and maliciously, intentionally and without justification tried to interfere with Silverthorne's contracts with her tenants. The Division of Business and Professional Regulation provides the ability to seek a Declaratory Statement before any Condominium Board takes actions, and no Declaratory Statement was sought on this issue by Lincoln Place and Lincoln Place Residences

117. The Defendants interfered by trying to trick tenants into believing that they had a right under a new July 1, 2011 law that changed the Condominium Act to provide for it.

118. The new law itself when it does apply to a condominium does not provide for this action if the debt is in dispute.

119. The Defendants, for the sake of their own enrichment, maliciously interfered with Silverthorne's contract with her tenants.

120. All Defendants maliciously, intentionally and without justification interfered with Silverthorne's contract with her tenant, causing her to lose a tenant and to lose rent.

124. All Defendants interfered by using pretence that they had a right to a remedy they did not possesses- and by not alerting the tenant to the actual controversy with regard to the debt dispute that did exist, and in so doing violated FLORIDA STATUTE 83.43, 44 by acting as the landlord in an unconscionable manner.

123. All Defendants, for the sake of their own enrichment, maliciously induced Silverthorne's tenants or attempted to induce Silverthorne's tenants to breach the lease contract with Silverthorne and Silverthorne has suffered damages as a result of their actions

*Wherefore*, Silverthorne requests this court to enter judgment in her favor and seeks general and specific damages from all Defendants, plus costs, interest, any attorney's fees ( as provided by §57.105, FLORIDA STATUTES, as applicable), and any further relief this Court deems just and proper.

## COUNT SIX- TORTIOUS INTERFERENCE OF BUSINESS RELATIONSHIP-AGAINST LINCOLN PLACE, LINCOLN PLACE RESIDENCES, YEAMAN SCHEINER. DINICOLA, DESORBO AND BLUE SKY MIAMI.

124. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87, 89, 91,93-94,96-105,102-112 and 113 -123 above with the same force and effect as herein set forth.

125. Silverthorne was the broker of record on the conversion sell out at both buildings and had a thriving business of repeat and referral customers for her company NewStar in both buildings

126. After her alleged debt was disclosed without disclosing the dispute and the nature of the dispute, NewStar never received another referral of business or a listing contract.

127. Defendants knew of Silverthorne's vibrant business in the building and the existence of on-going business relationships between unit owners and Silverthorne.

128. Scheiner was a competing real estate broker.

129. Defendants knew or could have foreseen that broadcast of Silverthorne's debt and not disclosing the nature of the dispute would damage NewStar and Silverthorne's reputation.

130. All Defendants' actions were intentional and unjustified interference with the relationship for the purpose of avoidance of telling the rest of the unit owners of their deception, and in the case of Scheiner, for his own self enrichment.

131. All Defendants knew Silverthorne had a contractual business relationship with her tenants. By demanding tenants rent when they knew they did not have the legal right to do they interfered with that relationship and in so do violated FLORIDA STATUTE 83.43, 44 by acting as the landlord in an unconscionable manner.

132. All Defendants' actions were intentional and unjustified interference with the relationship for the purpose of unjust enrichment.

133. Silverthorne has been damaged as a result of the Defendants' tortious interference with the business relationships.

*Wherefore*, Silverthorne requests this court to enter judgment in her favor and seeks general and specific damages from all Defendants, plus costs, interest, any attorney's fees ( as provided by §57.105, FLORIDA STATUTES, as applicable), and any further relief this Court deems just and

## COUNT VII VIOLATION OF THE FEDERAL TRADE ACT AND FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT.

134. Silverthorne repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 57, 59, 61, 64, 67, 69, 71, 73, 75-76 AND 78-79, 81, 83, 85, 87, 89, 91,93-94,96-105,102-112, 113 -123 and 125-133 above with the same force and effect as herein set forth.

134. FLORIDA STATUTE 559.77, FCCPA, Civil Remedies  provides that when applying civil remedies under the statute: "great weight shall be given to the interpretation of the federal trade commission and the federal courts relating to the  FDCPA.

135. The FDCPA provides that a violation f the FDCPA "shall be deemed  an unfair or deceptive act or practice in violation of that act.15 USC 1692/ § 814 (a)

136. The court has the power to enforce the provisions of the FDCPA in the same manner as if the violation had been a violation of the Federal Trade Commission trade regulation rule.

137. Therefore all violations of both the FDCPA and the FCCPA are also violations of the FTC and the FDUPA.

138. Silverthorne has been damaged by the actions of Defendants.

139. The actions of the all of Defendant under Counts III-VII are unfair and deceptive trade practices under the FDUPA 501.204

*Wherefore*, Silverthorne requests this  court to enter judgment in her favor and seeks general and specific damages from all Defendants, plus costs, interest, any attorney's fees ( as provided by §57.105, FLORIDA STATUTES, as applicable), and any further relief this Court deems just and proper.

## VIII

## JURY TRIAL DEMAND

140. Pursuant to Federal Rule of Civil Procedure 38,  and Civil Local Rule 1.430, Silverthorne demands a jury trail on all issues so trialble.

IX

## PUNITIVE DAMAGES

141.Silverthorne reserves the right to amend this complaint to allocate and specify actual damages to each Defendant and to amend this Complaint to include a demand for punitive damages for Defendants'malicious and reprehensible conduct.

## CLAIMS FOR RELIEF

## CLAIM ONE

**(Declaratory Judgment to cease violation of the Condominium Act. FLORIDA STATUTE 718)**

142. Silverthorne incorporates by reference the allegations contain in paragraphs 1 through 141, inclusive.

143. Lincoln Place Residences and Lincoln Place are governing the respective condominiums at 1610 Lenox Ave and 1551Michigan under laws as they now exist and are amended to FLORIDA STAUTE 718

144. An actual, present and justiciable controversy has arisen between Silverthorne and the Defendants concerning their right to use new state laws, legislated under FLORIDA STATUTE 718, which superseded Silverthorne's rights to be governed under her existing contract, the Declaration of Condominiums at 1610 Lenox Ave and 1551 Michigan Ave -and the Condominium Act as it existed at the time of the Declarations' incorporation.

145. This practice is being utilize state wide by condominium associations and is therefore an issue of due process effecting wide public interest.

146. The State of Florida beginning on October 1, 2008, removed investigative and enforcement capabilities of the DBPR to investigate unit owners' claims of abuse in regard to this claim, thus leaving them defenseless against infringement of their due process right under the Fifth Amendment of the U.S. Constitution.

146. Silverthorne seeks declaratory judgment from this court that current laws of FLORIDA STATUTE 718, enacted after the incorporation of any Declaration of Condominium, do not apply to existing Declarations, unless they expressly provide for automatic amendment concurrent with amendments to FLORIDA STATUTE 718 therein.

## PRAYER FOR RELIEF

*Wherefore,* Silverthorne respectfully requests that this court enter judgment according to the declaratory relief sought and award Silverthorne her costs in this action, as well as entering further relief to which Silverthorne may be entitled as a matter of law or equity, or which the Court deems to be just and proper.

Respectfully submitted this 27 day of January, 2012.

Andrea Silverthorne

Mailing address: 1610 Lenox Ave 506, Miami Beach Florida, 33139

Phone 305-684-5560

Email andthorne@aol.com

NOTARY PUBLIC-STATE OF FLORIDA
Angelo Caceda
Commission # DD843855
Expires: DEC. 08, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

Page | 38