UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20325-CIV-MARTINEZ/MCALILEY

ANDREA K. SILVERTHORNE,

    Plaintiff,

v.

ALLAN YEAMAN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION AND ORDER

Pending before the Court are Motions to Dismiss by Defendants Business Law Group, P.A. [DE 34], Blue Sky Miami, Inc. and Maxwell Sheiner (collectively "Blue Sky") [DE 40], Lincoln Place Residences Condominium Association, Inc., Allen Yeaman, Daniel Dinicola, and David Desorbo (collectively "Lincoln Place Residences") [DE 43], and LM Funding, LLC [DE 51]. Also pending is Plaintiff's Motion for Partial Voluntary Dismissal Against Lincoln Place Condominium Association, Inc. ("Lincoln Place") [DE 50]. Plaintiff is proceeding *pro se*. Defendants' motions are fully briefed [DE 46, 52, 53, 61] and were referred to me by the Honorable Jose E. Martinez [DE 20].

For the reasons set forth below, I recommend that the Defendants' motions to dismiss be granted in part. By order, I grant Plaintiff's motion to dismiss with prejudice.

I. **Background**

On January 27, 2012, Plaintiff filed a 38-page Complaint [DE 1]; she later filed two lengthy Amended Complaints. [DE 5, 8]. On March 16, 2012, Plaintiff moved the Court to amend her Complaint [DE 30] and filed a 41-page Second Amended Complaint ("SAC") [DE 36], which is the subject of the motions to dismiss.

According to the SAC, Plaintiff owns two condominiums on Miami Beach, one unit at Lincoln Place and one at Lincoln Place Residences, both of which she rents to tenants. The thrust of the SAC is the allegation that the Defendants assessed condominium fees against both units and attempted to collect those fees without giving Plaintiff proper notice and without following the voting procedures set forth in the condominium declarations. Plaintiff makes other allegations, including claims that Defendants demanded rent from her tenants, filed foreclosure liens against her properties, turned off the "fob" device to her properties so as to deny her and her tenants' access to the properties, and removed a motorcycle from one of the properties without permission.

Plaintiff sets forth seven counts: violations of (1) the Fair Debt Collection Practices Act ("FDCPA") and (2) the Florida Consumers Collection Practices Act ("FCCPA"); claims for (3) breach of fiduciary duty, (4) aiding and abetting breach of fiduciary duty, (5) tortious interference with a contract, (6) tortious interference with a business relationship; and (7) violations of the Federal Trade Commission Act and the Florida Deceptive and Unfair Trade Practices Act. [DE 36, pp. 17-38]. Plaintiff further raises a declaratory judgment claim.

[*Id.*, pp. 38-40]. In addition to those seven counts, in her introduction to the SAC Plaintiff makes a passing reference to claims for fraud and breach of contract, and adds a laundry list of federal and state laws under which Plaintiff purports to raise claims, including the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution, 42 U.S.C. §§ 1983, 1985, and 1988, the Florida Condominium Act, the Florida Landlord Tenant Act, and the Florida Constitution, Article 1, §§ 2, 9, and 10.[1] [*Id.*, p. 2].

On April 11, 2012, Plaintiff filed a Motion for Partial Voluntary Dismissal Against Lincoln Place Condominium Association, Inc., asking that all of her claims against that Defendant be dismissed with prejudice, because a settlement agreement had been reached between those parties. [DE 50].

The remaining Defendants move to dismiss the SAC because it does not comply with Federal Rule of Civil Procedure 8 and for failure to state a claim; in the alternative, they move for a more definite statement.

II.   Analysis

   A.   Motions to dismiss

In reviewing a motion to dismiss, the court must accept as true "well-pleaded facts and reasonable inferences drawn from those facts. Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."

---

[1] None of these claims are clearly articulated, nor are they set forth in separate paragraphs, as required by Federal Rule of Civil Procedure 10(b), or for that matter, separate counts. Accordingly, on their face, these allegations do not state a claim, and do not satisfy Rules 8 and 10(b) and should be dismissed.

3

*Dalrymyple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citations omitted); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994-5 (11th Cir. 1983) (court must assume the facts alleged are true and cast them in the light most favorable to the plaintiff). In order to survive a motion to dismiss, a plaintiff must plead enough facts to state a claim that is plausible on its face to raise the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-7 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). This standard requires the pleader to do more than recite elements of a cause of action or state legal conclusions. *Twombly,* 550 U.S. at 555; *Sarver v. Jackson*, 344 Fed.Appx. 526, 527 n.2 (11th Cir. 2009) (court may dismiss complaint "if it rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts.") (citation omitted). It also requires the pleader to set forth a short and plain statement that provides the defendant with fair notice of the nature of the claim. Fed.R.Civ.P. 8(a); *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 346-7 (2005). Although the standard for stating a claim under Rule 8(a) is less stringent for the *pro se* litigant, a court cannot rewrite deficient pleadings by a *pro se* plaintiff to defeat a motion to dismiss. *Osahar v. United States Postal Service*, 297 Fed.Appx. 863, 864 (11th Cir. 2008).

**B.     Motion for partial voluntary dismissal**

Plaintiff moves the Court for partial voluntary dismissal with prejudice of all claims against Lincoln Place. [DE 50]. She indicates that the parties have settled those claims and

attaches a copy of the settlement agreement, in which Plaintiff agreed to a dismissal with prejudice. [*Id.*, pp. 3-4]. Federal Rule of Civil Procedure 41(a)(1) provides that dismissal is appropriate where a notice of dismissal is filed before the opposing party serves either a motion for summary judgment or an answer; the dismissal is without prejudice, unless the notice stipulates otherwise. Lincoln Place has not filed an answer or motion for summary judgment and Plaintiff moves for dismissal with prejudice; which is appropriate under Rule 41(a)(1). Plaintiff's Motion for Partial Voluntary Dismissal Against Lincoln Place Condominium Association, Inc. [DE 50], is therefore **GRANTED.**

I now turn to the sufficiency of the SAC, to consider the claims raised against the remaining Defendants, all of whom move to dismiss the SAC because it does not comply with the requirements of Federal Rule of Civil Procedure 8(a), and does not state a claim against any Defendant.

### C. The SAC violates Rule 8

The remaining Defendants move to dismiss the SAC because it does not comply with the requirements of Federal Rule of Civil Procedure 8(a). LM Funding asserts that "Plaintiff incorporates most, if not all, of her allegations from each count into the following counts so that the complexity and confusing nature of the pleading increases substantially as one progresses through it." [DE 51, p. 5]. Business Law Group, Blue Sky, and Lincoln Place Residences raise essentially the same argument in their motions to dismiss. [DE 34, pp. 4-5; DE 40, pp. 7-8; DE 43, p. 1].

5

Rule 8 requires a plaintiff to allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Far from meeting this requirement, the SAC is a classic shotgun pleading "contain[ing] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Osahar*, 297 Fed.Appx at 864 ("quintessential 'shotgun' pleading [is one] replete with factual allegations and rambling legal conclusions").

The SAC contains over forty paragraphs under the heading "Statement of Facts," each of which contain various factual allegations concerning the Defendants. [DE 36, ¶¶ 14-57]. It then raises seven Counts, each of which begin with the statement, "Silverthorne repeats and re-alleges and incorporates by reference the allegations" contained in the Statement of Facts. As a result, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College,* 77 F.3d 364, 366 (11th Cir. 1996).

Moreover, each Count incorporates by reference most, if not all, of the allegations contained in each preceding Count. Adding to the confusion, certain Counts, specifically Counts III through VI, are titled as though they apply to some, but not all of the Defendants, yet incorporate by reference allegations raised against "all Defendants" in previous Counts. And, many allegations involve the unit at Lincoln Place and concern Defendant Lincoln

6

Place, but given that Defendant's dismissal from this case and the parties' settlement of their claims involving that particular condominium unit, it is almost impossible to identify the allegations that are no longer in play. The SAC completely fails to make a "short and plain statement of the claim" as required by Rule 8(a), and its deficiencies make it impossible for Defendants to formulate a meaningful answer to it.

Accordingly, this reason alone requires dismissal of the entire SAC without prejudice. As it turns out, Plaintiff has also failed to state a claim in several counts, such that certain claims should be dismissed without prejudice, and others with prejudice.[2] I will address each of these issues in turn.

### D. Motions to dismiss the SAC for failure to state a claim

#### 1. Counts I and II

A number of arguments have been raised by Defendants for dismissal of Count I, which the Court considers in turn.

Count I purports to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C, § 1692, *et seq.* ("FDCPA") [DE 36, ¶¶ 56-76]. To prevail on an FDCPA claim, a plaintiff must prove that: (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the

---

[2] Where dismissal is recommended under Rule 12(b)(6) due to pleading deficiencies in the SAC, this Court recommends dismissal without prejudice. Although this is the third complaint filed by Plaintiff, she is proceeding *pro se*, and this is the first Complaint the Court has reviewed; for these reasons it is recommended that Plaintiff be given an opportunity to cure these pleading deficiencies. In contrast, where Plaintiff has failed to state a claim as a matter of law, this Court recommends dismissal with prejudice.

7

defendant has engaged in an act or omission prohibited by the FDCPA. *Bentley v. Bank of Am., N.A.*, 773 F.Supp.2d 1367, 1371 (S.D. Fla. 2011) (citation and quotation marks omitted). Applying the lenient standard afforded to *pro se* pleadings, Plaintiff arguably alleges the elements of a claim for a violation of the FDCPA, but she lumps together allegations against "all Defendants" and does not set clearly forth facts about each individual Defendant to support a plausible claim for a violation of the Act. [*See, e.g.*, DE 36, ¶¶ 60, 64, 66-67, 71]. These deficiencies make this Count impossible to decipher; Plaintiff has thus failed to state a claim in Count I.

Lincoln Place Residences argues that this claim must be dismissed against it because it, and its officers, are not "debt collectors" under the Act, but rather are creditors. Under the Act, a debt collector means any person who regularly collects or attempts to collect "debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). Creditors are defined as "any person who offers or extends credit creating a debt or to whom a debt is owed" but does not include "any person to the extent that he receives an assignment or transfer of a debt solely for the purpose of facilitating collection of such a debt for another." 15 U.S.C. § 1692a(4).

Plaintiff alleges that Lincoln Place Residences assessed condominium fees against her property and sought to collect those fees. [DE 36, ¶¶ 21-22, 33-34]. Accepting these allegations as true, under the plain meaning of the statute Lincoln Place Residences was a creditor attempting to collect its own debt, and not a debt collector. *See* 15 U.S.C. §

1692a(4); *Craig v. Park Fin. of Broward County, Inc.,* 390 F.Supp.2d 1150, 1154 (M.D. Fla. 2005) (defendant alleged to have financed loan and sought repayment of loan was creditor, not debt collector, under statute).

The Act also excludes from the definition of debt collector, officers or employees of a creditor who attempt to collect the creditor's debt in the creditor's name. 15 U.S.C. § 1692a(6)(A). Yeaman and Dinicola, who are alleged to be on the Board of Directors for the association [DE 36, ¶¶ 3, 6], and Desorbo, alleged to be the association's President [*id.*, ¶ 7], are not debt collectors under the plain meaning of the statute. Accordingly, Count I fails as a matter of law against Lincoln Place Residences, Allan Yeaman, Daniel Dinicola, and David Desorbo and should be dismissed with prejudice as to these four Defendants. *See Craig*, 390 F.Supp.2d at 1154 (dismissing FDCPA claim against creditor).

Blue Sky and Sheiner move to dismiss the FDCPA claim contending that, as managers of the condominium associations, they are not "debt collectors" as defined by the statute. [DE 40, pp. 3-4]. In support of their argument, Blue Sky and Sheiner rely on non-binding case law where the court found that the defendant property manager was not a debt collector under the Act; those courts did so either by looking beyond the pleadings to support

their findings[3] or by considering particular allegations that are not present here.[4] The only allegation in the SAC that the Court can discern as bearing on this issue is that Blue Sky and Sheiner were hired by the condominium associations to manage the condominiums, [*see* DE 36, ¶ 107]; notably, there is no allegation that they were hired to collect condominium fees or rent. The Court does not have before it enough information to determine whether Blue Sky and Sheiner are, in fact, debt collectors. Blue Sky and Sheiner's argument would require the Court to look beyond what is available in the SAC, which it can not do here. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (because the purpose of Rule 12(b)(6) is to test the facial sufficiency of the plaintiff's claims, "the analysis . . . is limited primarily to the face of the complaint and attachments thereto.").

Blue Sky, Business Law Group, and LM Funding further move to dismiss this claim as barred by the statute of limitations. [DE 34, p. 6; DE 40, p. 4; DE 51, p. 6]. Actions to enforce liability under the FDCPA must be brought "within one year of the date on which the violation occurs." 15 U.S.C. § 1692k(d). "A Rule 12(b)(6) dismissal on statute of

---

[3] In *Reynolds v. Gables Residential Servs., Inc.*, 428 F.Supp.2d 1260, 1264 (M.D. Fla. 2006) and *Madura v. Lakebridge Condo. Ass'n, Inc.*, No. 8:07-cv-02274-T-17EAJ, 2009 WL 536537, *3 (M.D. Fla. Mar. 3, 2009), the courts looked to documents not available here to determine that the defendant property managers were not debt collectors under the Act. *Reynolds, supra* (examining plaintiff property owner's lease); *Madura, supra* (relying on *Reynolds* and looking to the defendant management company's management agreement).

[4] In *Williams v. Edelman*, 408 F.Supp.2d 1261, 1265 (S.D. Fla. 2005), another division of this Court found that the defendant property manager was not a debt collector by relying on allegations in that complaint that that the property manager was hired to collect monthly fees and collected those fees before they were in default.

limitation grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Lindley v. FDIC*, No. 4:11-cv-147, 2012 WL 27576, *5 (S.D. Ga. Jan. 4, 2012) (citation and quotation marks omitted).

Plaintiff filed her original complaint on January 27, 2012; and many of the factual allegations in the SAC concern events that occurred more than one year prior to that filing. [*See, e.g.*, DE 36, ¶¶ 21-38]. Other allegations reference events that occurred within one year of the lawsuit being filed. [*See e.g.*, DE 36, ¶¶ 39-54]. Thus, it is not clear whether Plaintiff has satisfied the statute of limitations and, given the shotgun-style pleading of Count I, it is impossible to discern which of the allegations support this Count; accordingly, it is not apparent from the face of the SAC whether this claim is time-barred.[5] Therefore, the motions to dismiss should be denied on this ground.

In Count II, Plaintiff purports to raise a claim for violations of various provisions of the Florida Consumers Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.* [DE 36, ¶¶ 77-94]. Like Count I, she arguably alleges the elements for violations of different subsections of the FCCPA, and attempts to support those elements with allegations, but does

---

[5] Plaintiff raises arguments about the statute of limitations that are without merit. She contends that the statute of limitations under the FDCPA is expanded to two years by the FCCPA [DE 46, p. 19; DE 53, p. 17]; this is incorrect. Plaintiff also states that she has "equitable tolling issues" [DE 53, p. 17], but does not articulate a meaningful basis for what is an "extraordinary remedy." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) ("equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . In determining whether a plaintiff met this burden, we must keep in mind that equitable tolling is an extraordinary remedy which should be extended only sparingly.") (citations and internal quotation marks omitted).

11

not clearly set forth specific facts against each individual Defendant to support this claim.[6] [*See, e.g.*, DE 36, ¶¶ 83, 85, 89]. Also like Count I, this count is impossible to decipher and Plaintiff has failed to state a claim in Count II.

For the reasons stated, Count I should be dismissed with prejudice against Lincoln Place Residences, Desorbo, Yeaman, and Dinicola, and should be dismissed without prejudice as to the remaining Defendants to allow Plaintiff to replead this claim. Count II should also be dismissed without prejudice as to all Defendants for failure to state a claim.

### 2.     Counts III and IV

Count III attempts to assert a claim for breach of fiduciary duty. Under Florida law, the elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages. *Hennegan Co. v. Arriola*, ---F.Supp.2d---, No. 10–23085–CV–JLK, 2012 WL 1103279, *6 (S.D. Fla. Mar. 30, 2012); *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002). Count IV alleges aiding and abetting the breach of fiduciary duty. These two Counts appear to be directed solely at particular Defendants: Lincoln Place Residences, Desorbo, Yeaman, and

---

[6] Blue Sky argues that some of the alleged FCCPA violations are time barred [DE 40, p. 4], however the Court can not reach the merits of this argument for the same reasons why it could not do so for the FDCPA claim. To the extent Lincoln Place Residences argues that this claim against it should fail because it is statutorily authorized to collect rent from a tenant whose owner/landlord is delinquent in paying assessments [DE 43, ¶ 6], I can not reach the merits of this argument on this record, given Plaintiff's allegation that the "past-due assessments were not valid," which at this stage this Court must accept as true. [DE 36, ¶ 25].

Dinicola[7] (Count III) and Blue Sky and Sheiner (Count IV). In Count III, Plaintiff alleges that Lincoln Place Residences, Desorbo, Yeaman, and Dinicola owed her a fiduciary duty and breached that duty in varying ways, and alleges certain facts in support of each element of that claim. [DE 36, ¶¶ 96-102].

Lincoln Place Residences moves to dismiss Count III as barred by the economic loss rule because that claim is based on duties that arise from a contractual relationship between the parties. [DE 43, ¶ 7]. Plaintiff, however, alleges that the fiduciary duty owed to her arises by statute, not by contract [DE 36, ¶ 96], and Defendant cites no legal authority for the proposition that this doctrine applies to a statutorily created duty. Accordingly, on this record, I reject that argument as a basis to order dismissal of this claim.

In Count IV, Plaintiff alleges that Blue Sky and Sheiner aided and abetted some other Defendants' (Lincoln Place Residences, Lincoln Place, Dinicola, Yeaman, and Desorbo) breach of a fiduciary duty. Blue Sky and Sheiner, however, do not move to dismiss this Count [*see* DE 40], and I therefore do not recommend its dismissal. Accordingly, Counts III and IV should not be dismissed on the ground that they failed to state a claim.

### 3. Counts V and VI

These Counts concern claims for tortious interference with a business relationship and tortious interference with a contract against all Defendants. In Florida, tortious interference with a contract and tortious interference with a business relationship are essentially the same

---

[7] This Count is also asserted against Lincoln Place, which has been dismissed.

cause of action. *Pilkington v. United Airlines*, 112 F.3d 1532, 1540 (11th Cir. 1997) (citation omitted); *Cent. States, S.E. & S.W. v. Fla. Soc'y of Pathologists*, 824 So.2d 935, 940 (Fla. 5th DCA 2002) (same). Under Florida law, the elements of a tortious interference with a business relationship claim are: (1) the existence of a business relationship, (2) the defendant's knowledge of that relationship, (3) an intentional and unjustified interference with the relationship, and (4) injury resulting from the breach of the relationship. *Dunn v. Air Line Pilots Ass'n.*, 193 F.3d 1185, 1191 (11th Cir. 1999).

In Count V, Plaintiff attempts to state a claim for tortious interference with a contract, alleging generally and in a conclusory fashion that "all Defendants" interfered with the contracts she had with her tenants, causing her to lose rent and to lose a tenant. [DE 36, ¶¶ 113-123]. The SAC does not set forth facts about each individual Defendant to support a plausible claim that each Defendant had knowledge of the contracts between Plaintiff and her tenants, and intentionally interfered with those contracts; accordingly, Plaintiff has failed to state a claim in Count V.

In Count VI, Plaintiff attempts to state a claim against all Defendants for tortious interference with prospective business relationships with clients of her realty company, NewStar. [DE 36, ¶¶ 124-133]. Like Count V, in this Count Plaintiff lumps together claims against all Defendants and thus fails to plead a claim. This claim is also deficient because to prove a claim of tortious interference with a business relationship, a plaintiff must demonstrate a business relationship with a particular party, not just a relationship with the

general business community. *Dunn,* 193 F.3d at 1191 (first prong requires "a relationship with a particular party, and not just a relationship with the general business community."); *Ferguson Transp., Inc. v. North Am. Van Lines, Inc.*, 687 So.2d 821 (Fla. 1996) ("plaintiff must prove a business relationship with *identifiable customers.*") (emphasis added). Plaintiff fails to specifically identify customers whose business she contends to have lost. For all of these reasons, Counts V and VI should be dismissed without prejudice for failure to state a claim.

### 4. Count VII

Count VII purports to state a claim for violations of the Federal Trade Commission Act and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, ("FDUTPA"), but fails to do so. Plaintiff alleges that the sole basis for these claims is that violations of the federal and state fair debt collection statutes "are also violations of the [Federal Trade Commission Act] and the FDU[T]PA." [DE 36, ¶ 137]. Plaintiff has not provided authority for this proposition, and I need not investigate the same, given my conclusion that the SAC fails to state a claim for violations of the federal and state debt collection acts, these additional claims can not survive the motions to dismiss. Count VII should be dismissed without prejudice.

### 5. Declaratory judgment claim

At the conclusion of the SAC, Plaintiff attempts to raise a claim for a declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201, is an "enabling Act, which

confers discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (citations omitted). In actions brought under the Act, "the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. and Surety Co.*, 68 F.3d 409, 414 (11th Cir.1995) (citations omitted).

Here, Plaintiff seeks a:

> declaratory judgment from this court that the current laws of FLORIDA STATUTE 718, enacted after the incorporation of any Declaration of Condominium: (a) Can not apply to existing Declarations, unless they expressly provide for automatic amendment concurrent with amendments to FLORIDA STATUTE 718, therein. (b) That the use of new laws against unit owners under existing Declaration of Condominium violates the civil and due process rights of unit owners under the U.S. Constitution's Fourth, Fifth, Ninth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983, 1985, § 1988. (c) That the nature of the Defendants actions as a group meet the definition of racketeering under Chapter 96 of Title 18 of the United States Code, 18 U.S.C. § 1961…[and] that her property rights under the 1899 Treaty: TENURE AND DISPOSITION OF PERSONAL AND REAL PROPERTY, by and between the United States and Great Britain, acceded to by Canada in 1921, have also been violated by the Defendants (*Sullivan et al. v. Kidd.* No 65) and that further, as provided by Article V of the Treaty, Silverthorne has the right to seek remedy under the law of the nation most favorable to her.

[DE 36, ¶¶ 146-147].

This jumble of allegations is, frankly, confusing and, as already noted, does not meet the pleading requirements of Rule 8(a). Moreover, given Plaintiff's failure to state a claim in several of counts, her SAC does not demonstrate the existence of an actual controversy that would give rise to a claim for a declaratory judgment. Accordingly, the claim for a declaratory judgment should be dismissed without prejudice.

16

### III. Recommendations

Based on the foregoing, I respectfully **RECOMMEND** that:

The Motions to Dismiss by Defendants Business Law Group, P.A. [DE 34], Blue Sky Miami, Inc. and Maxwell Sheiner [DE 40], Lincoln Place Residences Condominium Association, Inc., Allen Yeaman, Daniel Dinicola, and David Desorbo [DE 43], and LM Funding, LLC [DE 51], should be **GRANTED in part** as follows.

The SAC should be dismissed **without prejudice** for violating Rule 8.

Alternatively, Count I should be dismissed **with prejudice** only as against Defendants Lincoln Place Residences Condominium Association, Inc., Allen Yeaman, Daniel Dinicola, and David Desorbo, and should be dismissed **without prejudice** as to the remaining Defendants for failure to state a claim. Counts II, V, VI, VII, and the declaratory judgment claim should be dismissed **without prejudice** for failure to state a claim.

Counts III and IV should not be dismissed for failure to state a claim, although as already noted they should be dismissed under Rule 8.

### IV. Order

Based on the foregoing, the Court **ORDERS** that Plaintiff's Motion for Partial Voluntary Dismissal Against Lincoln Place Condominium Association, Inc. [DE 50], is **GRANTED**. All claims against Lincoln Place Condominium Association, Inc. are **DISMISSED with prejudice**.

## V. Objections

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Jose E. Martinez **within 14 days of the date of this Report and Recommendation**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED and ORDERED in chambers at Miami, Florida, this 22nd day of October, 2012.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Jose E. Martinez

All counsel of record

Andrea K. Silverthorne
1610 Lenox Avenue, #506
Miami Beach, FL 33139