UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MARTINEZ MACALILEY

ANDREA K. SILVERTHORNE

Plaintiff,

12 CV 20325

Vs.

YEAMAN ET AL

/

FILED by _____ D.C.

FEB 11 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

MOTION FOR PARTIAL RELIEF FROM ORDER OR IN THE ALTERNATIVE A REQUEST TO EXTEND THE DAYS FOR APPEAL

The Court has not responded to Plaintiff request for clarifcation of its order submitted on January 10, 2013 therefore Plaintiff is submitting this motion for the Court's reconsideration on it's adoption of the R&R recommendation to dismiss the FDCPA and the FCCPA counts against LPR and its Board of Directors, Desorbo, DiNicola, and Yeaman "with prejudice" as provided by Fed R. of Civ. Pro 60(b), Alternatively extend the days for appeal in accordance with Fed R.Civ P. 52(b) and states in support of that request.

1. Plaintiff has <u>new evidence</u> of a third reason that LPR and its Board were debt collectors: They maintained jurisdiction and control over the default debt when they transferred it to LM Funding; LM Funding could not be in an independent contractor relationship with

LM Funding; they were a co-involved at best, some sort of representative of LPR, which is questionable because of the implications of the Condominium Act. It makes LPR a debt collector. In <u>Teng v. Metropolitan Retail Recovery Inc.</u>, 851 F. Supp. 61 - Dist. Court, ED New York 1994 an oft quoted and famous case, CitiBank was absolved of being a debt collector only because when they assigned the debt they signed an independent contractor license with the collector, had nothing to do with future collecting and decisions surrounding them-- and were therefore not a co-venturer; this was not the case here; Silverthorne alleged the letter from BLG said it was a joint request.

2. There were hints of this fact in the Second Amended Appeal when Plaintiff said Desorbo ordered LM Funding and BLG- in July 2010 -to cease collection, and they eventually did but Plaintiff was reminded of what maintain authority over LM Funding gave portent to by an emails she has just newly found and included in the Third Amended complaint, submitted with this motion, whereby she has reasserted her claim against LPR and its Board for violating the FDCPA. In one, Scheiner states that the Board members are going to authorize LM Funding on LPR's behalf to evict her tenant., and in another Plaintiff tells BLG that LM Funding had no standing. Plaintiff now recalls that is what the State of Florida Division of Condominiums had told her; only the association has the right to demand rent in the new law; no collector can do so.

3. We have not yet seen the paper work and contracts for collecting arrangments between the parties and it was unfair to dismiss this case against LPR with prejudice before discovery had done so. This may have been an illicit endeavor in more than one way, i.e. LM had no right's whatsoever to this money; they could not assume right to it because of 718( The CondominiumAct.)

4. If there was no way LM Funding could have standing it reinforces the fact that it was LPR collecting yet again in someone else's name, maintaining control and giving the impression that LM Funding was collecting; it means that when they did this (enter into a joint collection effort on defaulted debt, LPR automatically became a debt collector. <u>Teng v. Metropolitan Retail Recovery Inc.</u>, 851 F. Supp. 61 - Dist. Court, ED New York 1994

5. Silverthorne has restated the claims for violation of the FDCPA and the FCCPA in her Third Complaint and in so doing cites the following case footnote that reinforces the right call on Plaintiff's original claim: the fact that there was no debt made LPR and the Board automatic debt collectors.

> "Please see 6[th] district case <u>Bridge v. Ocwen Federal Bank</u> 681 F 3d 355(2012) It states this concept well and cites the other district federal case law. Silverthorne asks the Court to wrap their mind around the fact that Congress does not allow you to be neither a creditor nor a debt collector and says that if you are involved in pursuing debts and it's a false debt you're a debt collector because you're not a creditor when the debt is false".

6. Both the Teng and Bridge cases are used all over the country. Plaintiff is using them in lieu of Florida cases because the State of Florida has never used Bridge and has used Teng in two cases that only used the case as precident for the award part and not for the lost of creditor status. And Florida has never had a case where it addressed loss of creditor status for false illegitimate debt that Plaintiff can find. Nevertheless Plaintiff's statement is true and LPR and the Board are debt collectors.

7. Intriqued by the paucity of Florida case law on the FDCPA in the district courts that makes it to the 11 District Court of Appeal, Plaintiff went to pacer.org and looked at every FDCPA case filed in the Southern District of Florida since 2000. The overwhelming majority of them are dismissed for settlement in three months. Perhaps Florida has better behaved debt collectors, but whatever the reason: it is clear that the Southern District is unpracticed in the law because they never get exposed to the necessity of doing anything else but hear its name. Plaintiff's case is not the average FDCPA case and it cannot *not* survive because the Court has not heard argument on it often. The Magistrate Judge has erred.

8. Plaintiff believes that the reason for the Judge's decision was based part in Pro Se prejudice; part out concern for the lawyers involved in the widespread use of the illegitimate tactic and part in the fact she did not understand the Condominium statute 718 : the Board was wholly governed by the statute and govern by the statute only as it stands in the year of incorporation of the condominium. The Board can hire a lawyer to send a demand letter and then in 90 days must file a foreclosure in Plaintiff case, and in the new law's case, the one that dosen't apply, they may hire a lawyer to demand rent on their behalf and pay him for his time but they cannot share the revenue it must go in the association hopper. Even the Blue Sky arrangement was not legitimate, Plaintiff beleives; Blue Sky cannot keep late fees ' Blue Sky can only be paid for their time. That is why Blue Sky became a debt collector

9. When the R& R makes the Statement: "The SAC does not set forth facts about each individual Defendant to support a plausible claim that each defendant had knowledge of

the contract between Plaintiff and her tenant," it is clear that if the judge read the complaint she missed the connection plainly stated by Plaintiff:

a) Each defendant had knowledge of the contracts by statute and Plaintiff said so . The statute gives LPR the right to lease approval and they must be provided a copy of the lease

b) And plaintiff said that in her statement the contents of the lease contract were not relevant because: The Plaintiff said the interference was the use of the law that did not apply; it had nothing to do with the contents of the lease. And Plaintiff so stated that. The new state law says. See delinquency in your own eyes; see tenant; grab rent. The Plaintiff said: you cannot grab the rent because the United States Constitution says you cannot apply that new provision to her existing contract.

10. Plaintiff counted to ten before submitting this motion. Why add the Court's ire to its prejudice ? But, the magistrate's remarks can politely be described at best as not on target; how else is Plaintiff to tie the remark and the Complaint together and not come to a conclusion of Pro Se prejudice, a cake frosted with concern for the lawyers who tried to use a law they knew did not apply. Plaintiff feels strongly about this case and until the documents spelling out the arrangement between the parties in Tampa and Miami Beach come to light the court can judge LPR only as a debt collector The court took between six and eight months to come to a desicion; Plaintiff notices that during that time all the lawyers' blogs and web sites have changed; no where can you find talk of the new law and rent grabbing. The web sites now feature focus on interpreting your documents and helping you democratically amend them.

11. Plaintiff has added a Color of Law and Rico claim to her new complaint; she needs the right to assert the collection claims; as well, she is based on case law entitled to do so.

12. A 'class based discrimination' with Pro Se as the class can warrant a equal protection claim under Section 42 1985(3). Federal courts have found: an actionable cause can be found in "the treatment of a non-lawyer pro se litigant as a distinct "class-based subject" of the Court, wherein denial of equal protection of the laws and denial of due process can be attributed to a bias and prejudice of the Court against Pro Se status, and 42 USC 1985(3) may be used for class based prejudice here.

The Court must show Silverthorne that it equally belongs to her. Silverthorne asserts that to this point it has not done so and requests that the Court reverse the dismissal with prejudice of the federal and state collection claims against LPR and its Board. Alternatively extend the days for appeal of the order in part. Plaintiff's new Third Amend Compliant has been all consuming of her time. She now armed with statistics from the Pacer site to support her Third Complaint;its format and its length.

Respectfully submitted

Andrea Silverthorne
610 Leroy Ave 506 / Miami Beach Florida

786 4622551

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on ~~January 10, 2012~~ Feb 1, 2013, I served a true copy of the foregoing on the Service List below by email.

*Andrea Silverthorne*

Andrea Silverthorne

1610 Lenox Ave, Miami Beach Florida, 33139

International magic jack number 786 4622551

andthorne@aol.com

## SERVICE LIST

**Steven M. Davis**
Becker & Poliakoff, PA
121 Alhambra Towers
10th Floor
Coral Gables, FL 33134
305-262-4433
Fax: 442-2232
Email: sdavis@becker-poliakoff.com

**Aaron Swimmer**

4

Swimmer Law Associates
1680 Michigan Avenue
Suite 1014
Miami Beach, FL 33139
305-535-0808
Fax: 305-397-8220
Email: als@SwimmerLawAssociates.com

**Scott Chapman Davis**
Business Law Group, P.A.
301 W. Platt St
Suite 375
Tampa, FL 33606
(813) 379-3804
Fax: (813) 221-7909
Email: sdavis@blawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Lee Gordon**
LM Funding, LLC
320 W. Kennedy Blvd
Suite 400
Tampa, FL 33606
(813) 222-8996
Fax: (813) 253-3820
Email: AGordon@LMFunding.com