UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MARTINEZ /MCALILEY

ANDREA K. SILVERTHORNE

CASE NO: 12 CV- 20325 JEM.

Plaintiff,

Vs.

YEAMAN ET AL

DEFENDANTS

_____ /

## AMENDED MOTION TO DISQUALIFY OPPOSING COUNSEL BECKER POLIAKOFF OR ALTERNATIVELY REQUIRE DISCLOSURE TO THE ASSOCIATION AND NOTICE OF ERROR

Plaintiff amends her motion to state the following facts A-E:

1

A. Opposition Counsel Becker Poliakoff has referred to the Plaintiff in their opposition motion as being before the court "informa pauperis". This is incorrect. Plaintiff is paying her own way and there is nothing on the docket to indicate she even attempted to apply for that status.

B. Plaintiff did consult with opposing counsel before filing this motion, both when they were originally retained and **recently,** when she told the Defendant's counsel in a written email that she had decided to research the subject of conflict of interest by an attorney after being continued to be locked out her condominium and denied the new parking passes, all in violation of Fla Statute 718 and all under his firm's advice. She stated in a **recent** written email to Davis she had decided she was going to file a motion asking for the firm's disqualification and the reasons why Plaintiff was so doing..

C. Plaintiff did state all this in her motion below and even offered the Court the emails if requested. She did not use the word certified; therefore: Plaintiff now certifies the unsuccessful attempts were made to resolve the issue with Becker Poliakoff as already stated below.

D. The issues in this case are *exactly* the same**: illegal governance** and not sticking to the four corners of the Declaration of Condominium. It matters not which part of the documents were violated..

E. The oppositions counsel's assertions are disingenuous and reinforce the need for the firms disqualification.

1. Plaintiff is the past client of Becker Poliakoff, the law firm representing Association defendants LPR and its Board of Directors Yeaman, DiNicola and Desorbo.

2

2. . These Defendants began their defense with another firm who had been actively involved in rent demand on Silverthorne's other condominium, a firm who resigned.

3. When these defendants retained the law firm of Becker Poliakoff, Plaintiff objected directly to Steven Davis by email because she had been a client of the firm and had been represented by Steven Davis himself over a similar manner, an association not governing by their condo documents.

4. Steven Davis said that the former client rule did not apply here . Plaintiff's daughter had recently died and she did not pursue the matter further at that time, given she trusted that a former attorney, now in opposition to her, would at least not give totally false advise. But she never waived or permitted in any way in the email correspondence the prohibited conduct. In fact Plaintiff stated in her email that she was in disagreement with his position, but Davis did not explain further.

5. . Plaintiff's premise that her former counsel-- because he was her former counsel --would not advise her wrongly was relied on to Plaintiff detriment., which clearly demonstrates the reason why the rule she now finds on the Florida Bar site should be strictly adhered to. It combined with Plaintiff's then insufferable grief to lead her to defer to her former counsel's opinion and advice. And the long, almost eight month hiatus between the entries of the firm's Motion to Dismiss and the answer from the federal court combine with these other factors, including the demands of her University schooling, all amount to excusable neglect for not pursuing this further at the time. It was difficult for Plaintiff to even continue with the suit.

6. There is yet another reason Plaintiff feels this firm should be made to resign, and it is not covered by any rule of the Florida Bar, most probably because the Bar could not

anticipate this circumstance, but it makes good common ethical sense and she believes it is the probable reason the Siegfried firm resigned: The Association contains innocent members, many of whom had similar demands for rent and all of whom have been the victims of false debt. During the review of the condominium documents, Plaintiff came to understand that when the Board of Directors made a deal with her not to pursue the false debt they needed to make the same deal with all members of the association: disclose the fact the assessment was void; they did not owe the money, and then take a revote.

7. . Plaintiff is a member of the same association ;she belongs to it, she would not want a firm representing the Association who had done the same thing to other Associations by either advising them to pursue demand for rent without amending their condominium documents, or perhaps even actually sending out inapplicable demand letters for rent themselves. The "Blog" of this opposition counsel leads Plaintiff to believe they may have done this; therefore, there would be yet another conflict of interest here in that their pursuit of the defense of this client would be the pursuit of their own defense. It might work adversely against the Association. Again, Plaintiff is not just the Plaintiff, she is a member of the Association she is suing and therefore feels this objection is as warranted as the other reasons. Plaintiff with research has now found Florida Bar ethics rules 4.109 and 4.110 that are directed to this issue in no uncertain terms.

8. The applicable Florida Bar Rules are quoted below

RULES OF PROFESSIONAL CONDUCT

4-1 CLIENT-LAWYER RELATIONSHIP

*RULE 4-1.10 IMPUTATION OF CONFLICTS OF INTEREST; GENERAL RULE*

(a) Imputed Disqualification of All Lawyers in Firm. While lawyers are associated in a firm, none of them shall knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9 except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Steven Davis is the exact attorney in the firm that handled Plaintiff's work.

"4-1 CLIENT-LAWYER RELATIONSHIP

*RULE 4-1.9 CONFLICT OF INTEREST; FORMER CLIENT*

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or"

But even if Davis where no longer with the firm the Becker Poliakoff firm would be still in conflict because the representation of Plaintiff concerned the same issue: illegal governance outside of the Declaration.

"(c) Representing Interests Adverse to Clients of Formerly Associated Lawyer. When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing

5

a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:

> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; ...."

9. "This Court has held that a trial judge did not depart from the essential requirement of law in granting a motion to disqualify a Florida law firm where the firm's continued representation would have resulted in the appearance of professional impropriety. *Andrews v. Allstate Insurance Co.*, 366 So.2d 462 (Fla. 4th DCA 1978). We went on to hold that actual evidence of impropriety need not be shown to disqualify an attorney for possible conflict of interest. *Id.* 9. Buntock v. Buntock 419 So.2d 402 ( 4th DCA 1982)

10. Plaintiff understands that the time lapse and the considerations of allowing the Defendant's counsel of their choice are factors here, but there is new cause for Plaintiff to object: She has been absent, away in Canada and has returned to find now, under the counsel of Becker Poliakoff, her former counsel: their new client is still maintaining, under their counsel, a position that lock out from her premise is rightful. Plaintiff summarizes as follows:

a). Her decision to immediately challenge Becker Poliakoff's position and then accept Davis's explanation was tied to her trust in Steven Davis's assertions as documented in an email because he had her trust as her former attorney

(b) The fact she was grieving her daughter's murder contributed strongly to her inaction as well

(c) Because the law firm appears from their Blog to have exercised the same bad behavior practiced by the Board of Directors LPR, their representation is equally not in the best interest of the Association members of which Plaintiff is one herself.

6

(d) Becker Poliakoff's now clients are still locking their past client out of her condominium and denying her rental and website privileges, and they are apparently continuing to do so under their current counsel's advice. Therefore Plaintiff pleads excusable neglect and asks for the court to disqualify them. The email correspondence can be provided upon the Court's request.

11. Alternatively, Plaintiff requests that the Court in proper to do so, to order disclosure to the members of the Association that Plaintiff is their past client and that the law firm has or has not been involved in similar actions (a demand for rent to condominiums incorporated after July 1, 2010 who did not amend their documents to adopted the new provision.)

Respectfully submitted
Andrea Silverthorne

PO Box 214, Lubec Maine, 04652

786 4622551/andthorne@aol.com

## CERTIFICATE OF SERVICE

I HEREBY confirm a true copy of the foregoing has been sent by mail or email this 6 day of March to the following Service List:

Andrea Silverthorne

### SERVICE LIST

**Steven M. Davis**
Becker & Poliakoff, PA
121 Alhambra Towers
10th Floor
Coral Gables, FL 33134
305-262-4433

Fax: 442-2232
Email: sdavis@becker-poliakoff.com

**Aaron Swimmer**
Swimmer Law Associates
1680 Michigan Avenue
Suite 1014
Miami Beach, FL 33139
305-535-0808
Fax: 305-397-8220
Email: als@SwimmerLawAssociates.com

**Scott Chapman Davis**
Business Law Group, P.A.
301 W. Platt St
Suite 375
Tampa, FL 33606
(813) 379-3804
Fax: (813) 221-7909
Email: sdavis@blawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Lee Gordon**
LM Funding, LLC
320 W. Kennedy Blvd
Suite 400
Tampa, FL 33606
(813) 222-8996
Fax: (813) 253-3820
Email: AGordon@LMFunding.com