UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDREA K. SILVERTHORNE,

                            Case Number: 12-20325-CIV-Martinez-Mcaliley

       Plaintiff,

vs.

ALLAN YEAMAN, individually,
BLUE SKY MIAMI, INC., officially and collectively,
BUSINESS LAW GROUP, P.A., officially and collectively,
DANIEL DINICOLA, individually,
DAVID A. DESORBO, individually,
LINCOLN PLACE RESIDENCES CONDOMINIUM
ASSOCIATION, INC., officially and collectively,
LM FUNDING, LLC, officially and collectively, and
MAXWELL SCHEINER, individually,

       Defendants.

_____/

DEFENDANT BUSINESS LAW GROUP, P.A.'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT,
AND INCORPORATED MEMORANDUM OF LAW

      Defendant Business Law Group, P.A. ("BLG"), through its undersigned counsel and

pursuant to Fed. R. Civ. P 8(a) and 12(b)(6) hereby moves for entry of an order dismissing the

claims against BLG for failure to state a claim upon which relief can be granted.  BLG asks that

the dismissal be with prejudice, as Plaintiff has already had multiple opportunities to properly

plead legally cognizable causes of action against BLG.  BLG states the following in support

hereof:

I.      **Introduction**

      Plaintiff owns a condominium unit in the Lincoln Place Residences (hereafter "LPR" or

the "Association") condominium, located in Miami.  Plaintiff has failed to pay condominium

assessments in both condominiums.  She claims that she has no obligation to pay the subject

1

assessments because of alleged non-compliance with voting requirements set out in the condominium declarations (hereafter "Declarations"), and other alleged misconduct by the LPR or its managers.   Plaintiff has attempted to state a variety of claims against numerous parties, including LPR, members of LPR's  managing board, the management company, LM Funding, and BLG - the law firm hired to collect the delinquent assessments.

Plaintiff's third amended complaint should be dismissed, at least as it relates to BLG, because the factual allegations against BLG, if proven true, do not establish any violation of law to support a cognizable cause of action.  The allegations against BLG are vague, confusing, and constitute mere legal conclusions insufficient to state a cause of action.  The pleading is also a "shotgun" style pleading of the type that the Eleventh Circuit has condemned.  The dismissal of these claims should be with prejudice due to Plaintiff's multiple failed attempts to properly state a claim, even though the Magistrate provided a very detailed report describing the deficiencies so that Plaintiff could more easily address them.

## II.    Applicable Standards

The standard for determining whether a complaint should be dismissed for failing to state a cause of action was examined by the Eleventh Circuit in Mamani v. Berzain, 654 F.3d 1148, 1153-54 (11th Cir. 2011).  The Mamani court examined two recent decisions by our supreme court,  Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and held that the plaintiff failed to properly to state a claim.  Applying the analyses described in these cases leads to the conclusion that Plaintiff's second amended complaint should also be dismissed.

Even under the more liberal federal pleading rules, statements of legal conclusions rather than factual allegations are insufficient to state a cause of action.  Mamani, 654 F.3d at 1153.

2

The Court "[m]ust examine whether what this Complaint says these defendants did - **in non-conclusory factual allegations** - amounts to a violation of [law]." Id. at 1152. (Emphasis added). "[L]egal conclusions without adequate factual support are entitled to no assumption of truth" Id. at 1153. The "duty to liberally construe a plaintiff's complaint… [is not] the equivalent of a duty to re-write it for her." Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993). See also Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995) (conclusory statements of law are not sufficient to defeat a motion to dismiss).

Although a plaintiff need not describe in her complaint the evidence that will support her claims, she must plead a sufficient factual predicate to establish all necessary elements of her claim. See DM Research v. College of American Pathologists, 170 F.3d 53, 55-56 (1st Cir. 1999) (". . . the price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."). (Emphasis in the original).

## III.  Plaintiff's Allegations Against BLG Are Insufficient

Although it is difficult to tell from the shotgun style nature of Plaintiff's third amended complaint, it appears that Plaintiff is attempting to state causes of action against BLG for alleged: violation of the federal Fair Debt Collections Practices Act (FDCPA) - 15 U.S.C. §1692 (Count VI); the Florida Consumer Collection Practices Act (FCCPA) - Fla. Stat. §559.55 *et. seq.* (Count VII);  the Federal Trade Commission Act – 15 U.S.C. §41 *et. seq.* (Count VIII); the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) – Fla. Stat. § 501.201 *et. seq.* (labeled as Count X)[1]; federal rights claims under various state and federal constitutional provisions and statutes (Count XI); tortious interference with a contractual relationship with her tenants (Count

---

[1] This is an apparent typo – it should be count IX.

3

XXVII); possibly tortious interference with a business relationship with prospective clients of her realty company (Count XXVIII); conspiracy to commit fraud (Count XXIX); civil RICO conspiracy – 18 U.S.C. 1961 *et. seq.* (Count XXX) and for declaratory judgment of her rights as a Canadian citizen under 1899 treaty between Great Britain and the United States (Count XXXIII).

## The subject assessments are not "debt" as defined by in the FDCPA or FCCPA.

Each of Plaintiff's claims arising from alleged violations of the FDCPA and FCCPA must fail as a matter of law because the condominium assessments at issue are not "debt" as defined in those statutes. Both the FDCPA and FCCPA define debt to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5) and Fla. Stat. §559.55(1) (emphasis added). It is true that certain federal appeals courts, and this court, after analyzing the above-quoted statutory language, have held that condominium assessments are "debt" under the FDCPA. See *Abby v. Paige*, 2011WL1256614 (S.D.Fla. 2011) and cases cited therein. However, the present case is distinguishable because Plaintiff alleges that her unit was used as an investment property, the rent from which she relied upon to pay her expenses. As such the assessments at issue are essentially expenses related Plaintiff's investment business and are not for "personal, family, or household purposes . . . ." See Baird v. ASA Collections, 910 N.E.2d 780, 786-87 (Ind. App. 2010) (holding, in a case involving assessments owed to a homeowner's association, that the FDCPA did not apply because the subject lots were investments and the sums owed were thus not "debt" as defined in the statute). Because the subject assessments are not "debt" as defined

4

in the FDCPA and FCCPA, all of Plaintiff's claims arising from the alleged violation those

statutes (including the FTA, FDUTPA and RICO claims) must be dismissed with prejudice.

## Plaintiff has otherwise failed, in her third attempt, to properly state a claim upon which relief may be granted.

BLG is well aware that courts grant *pro se* plaintiffs greater leniency in determining the

adequacy of their pleadings. However, even under the more lenient standard, Plaintiff's third

amended complaint is woefully vague, confusing, and conclusory. The Court previously noted

that Plaintiff's second amended complaint suffered from the shotgun-style pleading that has been

condemned by the Eleventh Circuit. See e.g. McMahon v. Hunter, 2007 WL1952906 at *6

(M.D.Fla. 2007) (granting a motion to dismiss because of the "shotgun" style of the pleading and

discussing Eleventh Circuit case law condemning this style of pleading); Byrne v. Nezhat, 261 F.

3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its

ability to administer justice. The time a court spends managing litigation claimed by shotgun

pleadings should be devoted to other cases waiting to heard."), abrogated on other grounds by

Douglas Asphalt Co. v. QORE, Inc., 657 F. 3d 1146 (11th Cir. 2011); and Cramer v. State, 117

F.3d 1258 (11th Cir. 1997). Although the third amended complaint no longer incorporates the

allegations of each count into each successive count, it is still essentially an improper shotgun-

style pleading. It incorporates each of the 66 general allegations into every count, including

allegations that have no relevance or application to certain parties named in the counts. The

result, as before, is a confusing and largely incomprehensible pleading that fails to state a claim

against BLG.  A court is not required to sort through a "tangled web" of multiple pleadings to

determine whether a plaintiff has stated a meritorious claim. See Dillard v. Merrill Lynch, 961

F.2d 1148, 1157 (5th Cir. 1992), cert. denied, 506 U.S. 1079 (1993). As the Eleventh Circuit

stated in Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d

364, 367 (11th Cir. 1994): "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the Court's ability to administer justice."

Adding to the confusion, in certain instances Plaintiff indicates in the titles of counts that she is seeking judgment from only certain of the Defendants, but then requests, in the *ad damnum* clause, an award of damages "from all defendants." See for example counts XIX (paragraph172) and XXVI (paragraph 232). Is Plaintiff seeking judgment against BLG in these counts?

Plaintiff has not alleged *facts* that, if proven true, would establish liability on the part of BLG. Although somewhat unclear, it appears that Plaintiff's allegations against BLG are that it sent several demand letters for the unpaid assessments and filed claims of lien for the same when Plaintiff failed to pay. Plaintiff alleges that one of the BLG demand letters was posted open-faced on the door of her unit, but she alleges that that act was committed by Defendants Scheiner and/or Blue Sky (see for example paragraph 196). Although Plaintiff makes various allegations that "all Defendants" participated in various conduct, those allegations are not specific and are, at best, vague conclusions of law.

There are no factual allegations that BLG went beyond what law firms customarily and legitimately do on behalf of their clients to collect debts, and no allegations showing a violation of any statutory or common law rights. Indeed, there are no proper, non-conclusory allegations that BLG took any action that was not specifically authorized by Fla. Stat. § 718.116 (governing lien rights, claims of lien, demands for rent, and other collection activities recognized as lawful and appropriate by the Florida legislature). BLG's actions specifically sanctioned by Fla. Stat. §

718.116 cannot, as a matter of law, provide a basis for any common law or statutory claim against BLG.

**Plaintiff fails to state a claim for tortious interference in counts XXVII and XXVIII.**

In count XXVII, Plaintiff alleges that Defendants interfered with her contractual relationship with her tenants. However, Plaintiff has not alleged that any action by BLG that caused her tenants to breach their lease agreements. Further, Plaintiff has failed to plead that any improper conduct by the other Defendants caused her any damages. Plaintiff alleges that her first tenant merely chose not to exercise an option to renew the lease for another term (not a breach) after being told by a <u>Blue Sky employee</u> that "[Plaintiff] was going to be foreclosed on." Regarding the second tenant (Keating) Plaintiff alleges that in July 2010, Plaintiff agreed that the tenant would not owe her rent "if he was bothered again, he could live there for fee [sic] until it was resolved; therefore Keating paid money he did not owe." See paragraph 48. As such, when tenant Keating allegedly vacated one month early, such was not a breach of any obligation to pay rent to Plaintiff.

In Count XVIII, Plaintiff attempts to state a claim for interference with advantageous prospective business relationships. Plaintiff alleges that after her debt was disclosed her realty company, New Star, did not receive any more business referrals. See paragraphs 21 and 246. Plaintiff thus lacks standing to assert the claim in her individual capacity. If the claim exists at all, it is New Star's claim, not Plaintiff's claim. Plaintiff has also failed to sufficiently identify the prospective customers. Under Florida law, a Plaintiff alleging interference with prospective business relations must specifically identify the prospective customers. No cause of action exists for tortious interference with a business' relationship to the community at large. See <u>Ethan Allen, Inc. v. Georgetown Manor, Inc.</u>, 647 So.2d 812, 815 (Fla. 1994). An action for tortious

7

interference with a business relationship requires a relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.  See Ferguson Transportation, Inc. v. North American Van Lines, Inc., 687 So.2d 821, 822 (Fla. 1997).

With regard to the claims alleging violation of the Federal Fair Debt Collection Practices Act, any conduct alleged to have occurred outside of the one year statute of limitations is not actionable.  See 15 U.S.C. §1692k(d), providing for a one year statute of limitation.  Plaintiff alleges conduct on the part of BLG going back to 2010, more than one year prior to the filing of Plaintiff's lawsuit.  All claims based on alleged improper acts alleged by Plaintiff to have occurred more than one year before she filed suit must be dismissed with prejudice.  This would not apply to acts specifically alleged to have been taken within the one year statutory period.

**The alleged rent demands were sanctioned by Fla. Stat. §718.116(11) and application of that statute to Plaintiff is not unconstitutional.**

Plaintiff alleges that the Defendants have "sucker punched" the U.S. Constitution by demanding, under the authority of Fla. Stat. § 718.116(11), that her tenants make rent payments to the Association or its counsel to offset the unpaid assessments.  The general rule is that the legislature may not enact a law that materially impairs pre-existing contractual rights.  However, Plaintiff has not alleged any such impairment resulting from application of Fla. Stat. § 718.116(11) in this case.  Plaintiff's right to rent her unit has always been subject to the approval of the association's board and Plaintiff's timely payment of her share of the common expenses. Plaintiff alleges that leases must be approved by the board, and it is undisputed that an association may foreclose and entirely dispossess a delinquent owner, thus ending the owner's right to receive rent for the unit.  Allowing the association to receive the rents to offset Plaintiff's assessment debt does not impose any new burden on Plaintiff or otherwise create an impairment

to her right to rent the unit that did not exist prior to the enactment of Fla. Stat. § 718.116(11).

Plaintiff also does not allege the existence of any terms in the condominium's governing

documents that prohibit the association from demanding rent payments under the present

circumstances. Fla. Stat. § 718.116(11) does not unconstitutionally impair any pre-existing

contract rights of Plaintiff. See also Fla. Stat. § 718.102(2), which states in relevant part:

"Every condominium created and existing in this state shall be subject to the provisions of this

chapter." (Emphasis added).

### Plaintiff fails to properly state a RICO claim in Count XXX.

Plaintiff fails to properly allege facts which, if proven true, would satisfy all elements of

a civil RICO claim. Plaintiff's allegations are vague, confusing, and conclusory and do not even

come close to stating a RICO claim. A civil RICO claim, like a fraud claim, must be pled with

specificity. See Ageloff v. Kiley, 318 F. Supp. 2d 1157, 1159 (S.D. Fla. 2004) (holding that civil

RICO claims must be pled with the specificity required by Rule 9(b) and must include 'the time,

place and person responsible' for each alleged act.; citing Brooks v. Blue Cross & Blue Shield of

Florida, Inc., 116 F.3d 1364, 1380–81 (11th Cir.1997)).

### Plaintiff fails to state a claim for civil rights violations in Count XI.

Plaintiff references alleged violations of her civil rights (see Count XI), but she alleges no

facts to support any such claim against the named Defendants. Among other things, there are no

factual, non-conclusory allegations that the Defendants were "state actors." Plaintiff alleges that

because the Division of Condominiums refused to take action against Defendants "rent-

grabbing" scheme, that the Defendants somehow became agents of the State. Plaintiff alleges

that because the Defendants made rent demands under section 718.116(11), that they took on

some duty or power previously conferred upon the State.  This count is nonsensical and must be dismissed with prejudice.

## Plaintiff fails to state a claim for conspiracy to commit fraud in Count XXIX.

Plaintiff has not alleged facts to establish the well-known elements of a fraud cause of action.  Plaintiff does not allege a knowing misrepresentation of fact by Defendants upon which Plaintiff relied with resulting damages.  Plaintiff alleges in paragraph 257: "It was the intent of the parties to deceive the tenant . . . ."  (Emphasis added).  This claim must be dismissed with prejudice.

## Plaintiff fails to state a FDUTPA or FTA claims.

These claims fail because Plaintiff has failed to properly allege acts that violate either statute.  As noted above, Plaintiff has not properly alleged violation by BLG of the FDCPA or the FCCPA, which are the predicate for its claims under FDUTPA and the FTA.  Further the language quoted by Plaintiff from the FTA relates to the authority of the government, not Plaintiff.  For these reasons these claims must be dismissed.

Further, in order to state a claim for damages under FDUPTA, a plaintiff must allege three essential elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages.  See, Florida Statute Section 501.211; Rollins, Inc. v. Butland, 951 So.2d 860 (Fla. 2nd DCA 2006).  The term "actual damages" as used in FDUTPA, means "the difference in the market value of the product or service in the condition in which it should have been delivered."  Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc., 262 F. Supp.2d 1334 (S.D. Fla. 1999); *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221 (D.S. Fla. 2002) ("Under

10

FDUTPA, recoverable damages are limited to the market value diminution caused by the deceptive trade practice"). FDUTPA does not authorize the recovery of consequential damages. Rollins, 951 So.2d at 869-870.

Here, the Plaintiff seeks to recover consequential damages (i.e. lost rental income and lost profits), and the Plaintiff does not allege any facts which would support a finding that she suffered "actual damages" recoverable under FDUTPA. Accordingly, the FDUPTA claim should be dismissed with prejudice.

### Plaintiff has not pled facts in Count XXXIII to entitle her to a declaratory judgment.

Plaintiff asks the Court to declare that Defendants have somehow "sucker punch[ed]" the U.S. Constitution and violated her rights under an 1899 treaty. As colorful as the allegations may be, they do not set forth facts showing an entitlement to a declaratory judgment.

In conclusion, none of the factual allegations regarding BLG are sufficient to state a claim upon which relief may be granted under any of Plaintiff's theories, and the claims against BLG should be dismissed with prejudice.

WHEREFORE, BLG respectfully requests entry of an order dismissing, with prejudice, Plaintiff's third amended complaint for failure to state a claim upon which relief may be granted, and awarding BLG its costs and attorneys' fees.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court.

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served on this day to all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Scott C. Davis
Scott C. Davis, Esq.
Fla. Bar No. 0022799
sdavis@blawgroup.com
Business Law Group, P.A.
301 West Platt Street, #375
Tampa, FL 33606
Phone: 813-379-3804
Fax: 813-221-7909
Attorneys for Business Law Group, P.A.

## SERVICE LIST

Andrea K. Silverthorne
1610 Lenox Avenue, 506
Miami Beach, Florida 33139
andthorne@aol.com

Aaron L. Gordon, Esq.
LM Funding, LLC
301 West Platt Street, #375
Tampa, FL 33606
agordon@lmfunding.com

Steven M. Davis, Esq.
Becker & Poliakoff, PA
2500 Maitland Center Pkwy. Ste 209
Maitland, FL 32751
sdavis@becker-poliakoff.com

Aaron Swimmer
Swimmer Law Associates
1680 Michigan Avenue
Suite 1014
Miami Beach, Fl 33139
als@SwimmerLawAssociates.com