UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20325-CIV-MARTINEZ-MCALILEY

ANDREA K. SILVERTHORNE,

　　Plaintiff,

vs.

ALLAN YEAMAN, individually,

　　Defendant.
_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, September 9, 2013** before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Suite 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, September 5, 2013 at 1:30 p.m.** at the same location.

　　IT IS ORDERED AND ADJUDGED as follows:

　　1.　　No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

　　2.　　Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12 point typeface.

　　3.　　Counsel and all pro se litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike

*sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4. The parties SHALL submit joint proposed jury instructions and/or proposed findings of fact and conclusions of law.

   a. For cases or claims that will be heard by a jury, the parties shall file joint proposed jury instructions and a joint proposed verdict form in accordance with the deadline set forth below. In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. The parties shall submit a **SINGLE, JOINT** set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority. A copy of the joint proposed jury instructions and verdict form **in WordPerfect version 12.0** shall be e-mailed to Chambers at the time of filing.[1] The Court expects counsel will cooperate in good faith and in most cases, should be able to agree on the general organization of the instructions and verdict form, standard instructions, and similar routine issues, thereby limiting the Court's consideration to *bona fide* substantive disputes relating to the instructions and verdict form. **Failure to cooperate in good faith and/or to submit proposed jury instructions as required**

---

[1] Counsel may contact chambers at (305) 523-5590 to obtain the appropriate e-mail address.

**by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.**

      b.    For cases or claims that will not be heard by a jury, each party shall file proposed findings of fact and conclusions of law in accordance with the deadline set forth below. Proposed findings of fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of law shall be supported by citations of authority. Copies of each party's proposed findings of fact and conclusions of law in **WordPerfect version 12.0** shall be e-mailed to Chambers at the time of filing.[2]

    5.    If deposition transcripts will be used at trial pursuant to Federal Rule of Civil Procedure 32(a)(3) & (4), the parties shall comply with the following guidelines:

      a.    At least SEVEN (7) DAYS in advance of the beginning of the trial period, Plaintiffs shall serve designations of any deposition transcripts they intend to use at trial. At least FIVE (5) DAYS in advance of the beginning of the trial period, Defendants shall serve their counter-designations, together with any objections to Plaintiffs' designations. At least THREE (3) DAYS in advance of the beginning of the trial period, Plaintiffs shall serve any rebuttal designations, together with any objections to Defendants' counter-designations. At least TWO (2) DAYS in advance of the beginning of the trial period, Defendants shall serve any objections to Plaintiffs' rebuttal designations.

      b.    In accordance with the deadline set forth below, the parties shall prepare and JOINTLY FILE one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical

---

[2] Counsel may contact chambers at (305) 523-5590 to obtain the appropriate e-mail address.

abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

        c.     A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing. Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

        6.     All exhibits must be pre-marked. The Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. If there are a large number of exhibits, the parties may file a motion to designate all exhibits numerically (e.g., Plaintiffs exhibits 1-99 and Defendants exhibits 100-200). A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

        7.     A motion for continuance, like a motion for extension of time, shall not stay or affect any other deadlines.[3] Unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least TWENTY (20) DAYS prior to the date on which the trial calendar is scheduled to commence. **A continuance of the trial date will be granted only on a showing of compelling circumstances.**

        8.     The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **<u>All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable</u>.** Failure to include such a statement may be grounds for denial of the motion.

| **Days Before Beginning of Trial Period** | |
|---|---|
| 5-2-2013 | Parties must join any additional parties, file motions to amend the complaint, and file motions for class certification. |
| 5-13-2013 | Parties shall exchange expert witness summaries and reports. |

---

[3] The deadline is only affected if and when an Order is issued granting the motion.

| | |
|---|---|
| 5-22-2013 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 6-3-2013 | Parties shall exchange rebuttal expert witness summaries and reports. |
| Note: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 6-21-2013 | A mediator must be selected. |
| 6-26-2013 | All discovery, including expert discovery, shall be completed. |
| 7-1-2013 | All summary judgment, *Daubert*, and other dispositive motions must be filed. |
| Note: | In the event that there are any unresolved discovery motions pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 7-31-2013 | Mediation shall be completed. |
| 8-12-2013 | All pretrial motions and memoranda of law,[4] such as motions in limine, must be filed. |
| 8-20-2013 | Joint pretrial stipulation must be filed. |
| 9-3-2013 | Proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law must be filed. |
| 9-4-2013 | Proposed voir dire questions must be filed. |
| 9-5-2013 | Deposition designations must be filed. |

9. In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide **the Court Reporter, Dawn Whitmarsh, at 400 N. Miami Ave., Suite 10-1, Miami, Florida, 33128** with a copy of a) the witness and exhibit lists, b) a designation of unique

---

[4] This deadline does not pertain to summary judgment, *Daubert*, and other dispositive motions as a specific deadline has already been provided for these motions.

proper nouns/names which may be used at trial, and c) a list of the names of all attorneys who will participate in the trial, to be received no later than THREE (3) DAYS before calendar call.

10. If the case is settled, the parties are directed to inform the Court promptly at (305) 523-5590 and to submit a joint stipulation for dismissal signed by all parties together with an appropriate proposed Order of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), **which must be filed with the Clerk of the Court**. Such stipulation and order must be filed within FIFTEEN (15) DAYS of notification of settlement to the Court or within such time as the Court may order. To be excused from calendar call, the required stipulation and order must be filed at least THREE (3) DAYS before Calendar Call. In addition, **if the parties settle their dispute after Calendar Call has taken place, they must notify the Court in writing before 4:00 p.m. on the day of Calendar Call so that the Court can cancel the request for a jury pool**. If the parties fail to notify the Court that they have so settled before the Court requests a jury pool, the parties shall be liable for the costs incurred in summoning a jury.

11. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval.

12. In accordance with the deadline set forth above, the parties shall select a mediator certified under Local Rule 16.2.(b), and schedule a time, date, and place for mediation. It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation for this specific time, date, and place. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel and all pro se litigants shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation in accordance with the deadline set forth above. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within FIVE (5) DAYS of the conclusion of the mediation.

13. Pursuant to 28 U.S.C. § 636, all discovery motions, and all motions that relate directly to these motions such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations are referred to the Honorable **Chris McAliley**, United States Magistrate Judge to take all appropriate action. This Order does not refer any motion which requests a continuance or extension of a deadline set by this Court. **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (Case No. 12-20325-CIV-MARTINEZ-MCALILEY) and to comply with the Discovery Procedure for Magistrate Judge Chris McAliley appended to this Order as Attachment A.**

14. Any private agreement, suggested or proposed scheduling conference agreements between counsel, or prior orders of the court attempting to set dates contrary to this order are hereby STRICKEN and VOID.

IT IS FURTHER ORDERED that failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel and pro se litigants to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_13\_\_ day of March, 2013.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record

-7-

## DISCOVERY PROCEDURE FOR
## MAGISTRATE JUDGE CHRIS McALILEY

### MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing discovery motions.

### DISCOVERY MOTIONS

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, **no longer than 5 pages in length**. The moving party may attach as exhibits to the motion materials relevant to the discovery dispute. For example, if the dispute concerns interrogatories, the interrogatory responses (that restate the interrogatories) shall be filed, with some indication which interrogatories remain in dispute. Because the parties may attach relevant discovery as an exhibit to the motion, compliance with S.D. Fla. L. R. 26.1(h)(2) or (3) is not required. The movant shall include in its motion a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (a)(3). **Counsel shall also deliver a courtesy hard copy of the motion and tabbed exhibits to Judge McAliley's chambers at the time of filing.**

Once a discovery motion is filed, the Court will review the motion, and either order a response, or issue an order setting the motion for a discovery conference.

### RESPONSES TO MOTIONS

The responding party shall file a response to the discovery motion within the time frame ordered by the Court, or if the Court sets the motion for a discovery conference, no later than 5:00 p.m., two days before the discovery conference noticed by the Court. The response shall be limited to **3 pages in length.** The responding party may attach as exhibits materials relevant to the discovery dispute, as referenced above. **Counsel shall also deliver a courtesy hard copy of the response and tabbed exhibits to Judge McAliley's chambers at the time of filing**.

**No reply memoranda are permitted absent specific court order.**

These procedures do not relieve parties from the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted above.

The parties shall notify chambers as soon as practicable if they resolve some, or all, of the issues in dispute.

### THE COURT MAY NOT CONSIDER A MOTION OR RESPONSE THAT DOES NOT COMPLY WITH THIS PROCEDURE.

Attachment A