UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20325-CIV-MARTINEZ/MCALILEY

ANDREA K. SILVERTHORNE,

      Plaintiff,

v.

ALLAN YEAMAN, *et al.*,

      Defendants.

_____/

## ORDER ON MOTIONS

Pending before the Court are Plaintiff's Motion to Disqualify Opposing Counsel Becker Poliakoff or Alternatively Require Disclosure to the Association [DE 87] and Motion to Hear Declaratory Judgement [DE 91]. For the following reasons, the motions are denied.

**I.    Motion to disqualify**

Plaintiff seeks to disqualify the law firm of Becker & Poliakoff, P.A. ("Becker"), which represents four Defendants:  Allan Yeaman, Daniel Dinicola, David A. Desorbo, and Lincoln Place Residences Condominium Association, Inc.[1]

As the movant, Plaintiff bears the burden of proving the grounds for disqualification. *In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003); *Starkes v. Flechner*, No. 11-62220-CIV, 2012 WL 1156404, *1 (S.D. Fla. Apr. 6, 2012). Disqualification of counsel is

---

[1]  The motion is fully briefed.  [DE 89, 95].  Plaintiff filed an amended motion to disqualify [DE 95] that in substance serves as a reply, and the Court will treat it as such.

a "drastic means which courts should hesitate to impose except when absolutely necessary." *Metrahealth Ins. Co. v. Anclote Psychiatric Hospital, Ltd.*, 961 F.Supp. 1580, 1582 (M.D. Fla. 1997) (citation omitted); *see Hernandez v. Royal Caribbean Cruises Ltd.*, No. 10-21636-CIV, 2010 WL 3522210, *1 (S.D. Fla. Sept. 7, 2010) (same).

Plaintiff moves to disqualify Becker under Rules 4-1.9 and 4-1.10 of the Florida Bar Code of Professional Conduct. [DE 87, pp. 3-4]. She claims Steven M. Davis, Esq., counsel for the four defendants, represented her in a former matter which she does not identify.

Rule 4-1.9 governs conflicts of interest with a former client. Among other things, the rule provides that a lawyer who has formerly represented a client in a matter may not "represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Fla. Rule of Professional Conduct 4-1.9(a). When a lawyer is disqualified under Rule 4-1.9, that disqualification is imputed to all lawyers associated with the disqualified attorney in a firm, in accordance with Rule 4-1.10. Under the Local Rules, the standards of professional conduct of members of the Bar of this Court "shall include the current Rules Regulating the Florida Bar." S.D. Fla. Local Rule 11.1(c); *see Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 728 n.4 (11th cir. 1988) (applying ethical rules adopted by district court in its local rules to decide appeal from order granting motion to disqualify).

To prevail on a motion to disqualify under Rule 4-1.9, Plaintiff must establish both (1) the existence of a prior attorney-client relationship and (2) that the matters in the pending

suit are substantially related to the previous matter or cause of action. *Cox,* 847 F.2d at 728; *Bochese v. Town of Ponce Inlet*, 267 F.Supp.2d 1240, 1244 (M.D. Fla. 2003). Plaintiff has satisfied the first prong, but not the second.

Regarding the first prong, Defendant's counsel Steven Davis acknowledges that he represented Plaintiff in 2006 "in a matter she had against the Dadeland Capri Condominium Association, Inc." [DE 89, p. 2]. Specifically he represented Plaintiff in a complaint she filed against that association with the Florida Department of Business and Professional Regulation. [*Id*.]. Mr. Davis lists the issues involved in the former matter, all of which appear to be issues of Florida law, and none of which concern the dispute now before this Court. [*Id.*]. Plaintiff neither specifically confirms nor denies these statements.

In order to satisfy the second prong, Plaintiff must "specifically demonstrat[e] the relationship between the subject matters, issues, and causes of action of both the present and previous representations so that the court can determine whether a substantial relationship exists." *Hernandez*, 2010 WL 3522210 at *4 (citation omitted). Plaintiff has not satisfied this standard.

Plaintiff argues that Becker should be disqualified simply because Davis was her former counsel. [DE 87, ¶ 5]. She also states that counsel's former representation concerns "the same issue: illegal governance outside of the Declaration" and "not sticking to the four corners of the Declaration of Condominium." [DE 87, p. 4, DE 95, ¶ D].

In this case, Plaintiff has filed a Third Amended Complaint, which is over 100 pages in length, and alleges a variety of claims against these four defendants. Among other things, she raises claims for violations of the Fair Debt Collection Practices Act, Florida Consumers Collection Practices Act, Federal Trade Commission Act, as well as claims for civil rights violations, breach of fiduciary duty, breach of contract, promissory estoppel, tortious interference of a contract, conspiracy, and RICO. [DE 75]. Plaintiff has not specifically demonstrated the relationship between this and the former matter and thus has failed to demonstrate that a substantial relationship exists between the two. Plaintiff has simply failed to satisfy her burden of proof.

Becker provides a secondary reason to deny the motion to disqualify: timeliness. According to the docket sheet, Becker had represented these defendants for nearly a year - since March 2012 - at the time Plaintiff filed her motion. [*See* DE 33, *Order Granting Motion to Withdraw*; DE 43, *Motion to Dismiss*]. Plaintiff became aware of Becker's representation of the defendants with the filing of their motion to dismiss, but did not raise the question of disqualification. Plaintiff provides reasons for waiting so long to file her motion, including that she was in Canada, grieving the death of her daughter, and attending to the demands of her class schedule. [DE 87, ¶ 10; DE 95, ¶ 5]. Just the same, Plaintiff did not file her motion to disqualify with reasonable promptness. *Starkes*, 2012 WL 1156404 at *2 (finding that motion to disqualify filed four months after party knew about possible

4

conflict of interest was not timely filed).[2]

## II. Motion to hear declaratory judgment

Plaintiff has filed a Motion to Hear Declaratory Judgement.  [DE 91].  The Court cannot discern the basis for the motion.  Plaintiff requests that the Court "hear and determine any and all rights Plaintiff may have under the Treaty Governing Real and Personal Property's Tenure and Disposition between the United States and Canada."  [*Id.* p. 1]. Plaintiff does not explain much further, or provide any citation to legal authority.  The Court notes that Plaintiff raises a declaratory judgment claim in her Third Amended Complaint [DE 75, pp. 105-06], which appears duplicative of the instant request.

## III.   Orders

For all of the foregoing reasons, Plaintiff's Motion to Disqualify Opposing Counsel Becker Poliakoff or Alternatively Require Disclosure to the Association [DE 87] and Motion to Hear Declaratory Judgement [DE 91], are **DENIED**.

DONE AND ORDERED in chambers at Miami, Florida, this 18th day of March, 2013.


CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

---

[2]  Finally, Plaintiff moves the Court in the alternative, and requests that the Court order Becker to disclose to the members of the association, presumably its client Lincoln Place Residences Condominium Association, Inc. that Plaintiff is their former client.  The Court cannot discern a reason for doing so.

Copies to:

The Honorable Jose E. Martinez

All counsel of record

Andrea K. Silverthorne
1610 Lenox Avenue, #506
Miami Beach, FL 33139