UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MARTINEZ MCALILEY



ANDREA K. SILVERTHORNE

Plaintiff,  12CV 20325

Vs.

YEAMAN ET AL

_____  /

## SECOND AMENDED MOTION FOR CONTINUANCE OF TRIAL DATE AND CHANGE IN TRACK WITH INCORPORATED PROPOSED ORDER

In accordance with Rule 7.1(a)(3) plaintiff certifies that defendants have been consulted and they are in agreement with the request of the plaintiff save the exception of the cut of date for amendment and further they want no amendment at all. Plaintiff insists on amendment if any part of her claim is dismissed and or the Court's interpretation of her treaty rights mean she can incorporate other counts.

Plaintiff has compelling reasons for a continuance of trial date and adjustment of track and requests that the trial be set between December 2013 and January 6, 2014 and states in support of the motion.

1

1. Plaintiff has Canadian Medicare and is only allow out of the country for 181 days. Plaintiff must cross the border to return to Canada by June 12, 2013 or she becomes uninsured. As she is 69 years old this is a compelling reason to be tolerant of this reality. She can return and be reinsured after December 12, 2013, but has to return for her final semester on January 8' 2014

2. Plaintiff is a student, a better than A journalism student. Her last year of school starts on September 9, 2013; therefore, she cannot be here for that date. She must finish school so she can become employed and lessen the financial burdens she now has. This is another compelling reason to move the trial date. She will be in town for the Labor Day weekend but must return for school

3. Plaintiff is applying for a two month summer internship overseas beginning July 1, 2013 and will not know if she is accepted until April 30. 2013

4. The stringent cut of date for discovery will prejudice Plaintiff's case. She will begin immediately to seek discovery from LPR because she is entitled to do so by Florida Statue 718, but the others may need further discovery after they answered and they have not done so yet.

5. Plaintiff wants the discovery cut-off date changed to 40 days after all Plaintiffs have answered; the rest of the dates can be aligned accordingly, so as not to prejudice Plaintiff's case. She was going to leave for Canada on May 8, 2013 but will stay to complete discovery and be available for any depositions that the defendant's want to make. As Plaintiff is not an attorney, she is not going to do any depositions.

6. Plaintiff needs to do one more amendment after discovery and motions to dismiss are heard and it is prejudicial to Plaintiff's case to make her do the amendment before the motions to dismiss are settled. She is a Pro Se

7. Plaintiff reminds the Court that the Court itself took double the time that they normally do to handle the first dismiss motions; they ripened on and before July 30, 2013 and they were not dealt with until October 22. If the Court had been timelier, Plaintiff could have filed her objections to the R&R during the summer months and we would have been able to reach a trial date while the plaintiff was here in the United States and insured for her health.

8. In addition, Plaintiff had a tentative offer of help from a foundation when the issue was topical and all the large firms in this state were advertising demand for rent remedies. The six month delay in answering the motions for dismissed have resulted in attorney blogs and websites that no longer brag about that offering of service and the foundation is no longer interested, forcing Plaintiff to continue Pro se.

9. Plaintiff reminds the court she was in school when this entire predatory behavior by the defendants began, and she is not the one responsible for the fact we are in Court. She would be out of school and working by now if the Plaintiff's had not taken her rental income.

10. The schedule seriously compromises Plaintiff's due process and punishes her with a schedule that jeopardizes her personal wellbeing and due process in a very tangible way. There is nothing about this suit that calls for a fast track. Plaintiff must leave for Canada.

11. All Defendants at the joint planning conference signed a document agreeing to what they wanted the Magistrate Judge to hear and not to hear. Plaintiff asks the Court to reinstate that request.

Therefore, Plaintiff asks that the Court adjust the trial schedule as it would irretrievably violate her due process rights and would also compromise her wellbeing in a manner not conducive with the integrity of the Court.

Respectfully submitted

Andrea K Silverthorne 1610 Lenox Ave, 506 Miami Beach Florida 33139/ andthorne@aol.com

786 4622551

## CERTIFICATE OF SERVICE

I certify a true copy of the foregoing has been sent by mail or email this 26 day of March to the following Service List by email and U.S. Mail

Andrea Silverthorne .1610 Lenox Ave, Miami Beach, Florida 33139/7864622551/ andthorne@aol.com

## SERVICE LIST

**Steven M. Davis**
Becker & Poliakoff, PA
121 Alhambra Towers
10th Floor
Coral Gables, FL 33134
305-262-4433
Fax: 442-2232
Email: sdavis@becker-poliakoff.com
**Aaron Swimmer**
Swimmer Law Associates
1680 Michigan Avenue
Suite 1014
Miami Beach, FL 33139
305-535-0808
Fax: 305-397-8220
Email: als@SwimmerLawAssociates.com
**Aaron Lee Gordon**
LM Funding, LLC
320 W. Kennedy Blvd
Suite 400

4

Tampa, FL 33606
(813) 222-8996
Fax: (813) 253-3820
Email: AGordon@LMFunding.com
**Scott Chapman Davis**
Business Law Group, P.A.
301 W. Platt St
Suite 375
Tampa, FL 33606
(813) 379-3804
Fax: (813) 221-7909
Email: sdavis@blawgroup.com