UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MARTINEZ /MCALILEY



**ANDREA K. SILVERTHORNE**

**Plaintiff,**  12CV 20325

Vs.

**YEAMAN ET AL**

_____ /

**MOTION TO EXTEND TIME FOR DISCOVERY OR ALTERNATIVELY COMPEL DISCOVERY OUT OF TIME AND REQUEST FOR SANCTIONS ON COUNSEL STEVEN DAVIS, BECKER POIALKOFF.**

Plaintiff requests an extension of time to finish discovery until September 30, 2013, or, alternatively, to allow her to motion to compel discovery on discovery already completed past the 30 days required local rule 26.1 (h) (1), for defendants LM Funding, (LMF) Business Law Group (BLG), Blue Sky Miami, (BSM) and Maxwell Scheiner (Scheiner), and in support of her request further states.

1. Plaintiff submitted Discovery for production of documents to Defendant Lincoln Place Residences Condominium Association and its Board of Directors on April 22, 2013, 90 days ago. She submitted discovery requests to the other defendants about the same time.

1

2. Plaintiff prefaced her sending of the discovery request for documents to Becker-Poliakoff with an email alerting him to the fact: "I have an email from a member of an association served by Scheiner's Blue Sky saying that he now delivers all association documents electronically in CD Rom ... I anticipate there will be no machination with my request and I will receive it the same way he gives it to everyone else."

3. Defendant LPR's counsel replied that they would review the request. LPR never refused the request or mentioned it again.

4. All other defendant's met their obligation to reply to the discovery requests on time. LPR requested a thirty day extension. Plaintiff agreed to the extension. Plaintiff also reminded LPR and all other defendants by email that she would be leaving the country, not to return until the Christmas holiday season. The format for delivery of the documents was not raised by LPR.

5. The Court granted an extension of time of thirty days for LPR and its Board of Directors to June 21, 2013.

6. All other defendants returned discovery sent by objecting to answering all or almost all of the interrogatories and provided but one document (from LMF). Plaintiff decided to wait to get the entire document discovery from LPR to find out more about the interrelation of all the parties, so she did not have to burden the Court with motions; then she would do further discovery and await answers to the second discovery before filing a motion to compel. Perhaps, she thought, the information will be in the LPR documentation. She elected not to send requests for admissions to LMF and BLG until it was received for the same reason.

7. Plaintiff was on holiday with her family taking excursions away from her home and when she returned after her July 4th sojourn to check her mail box, the document discovery due on

June 21, 2013 was not there. Plaintiff did not receive the interrogatories of Desorbo by email but nothing else, nor did she receive a request for, or notification of, a second extension of time. She did receive the R&R of the magistrate judge, but she already knew that discovery must go on until the complaint's actual dismissal.

8. Plaintiff contacted LPR and its Board of Directors through their and Plaintiff's former counsel, Steven Davis, with regard to the missing responses.

9. Beginning on July 7 going through July 18 there are no less than 35 emails going back and forth between the Plaintiff and counsel Steven Davis.

10. At first it was represented to Plaintiff that he thought it had been emailed. Then Plaintiff received two interrogatories. The interrogatory of DiNicola was missing and no documentation was forthcoming -- or even mentioned. Although Plaintiff continued asking for the record document request, nevertheless, Counsel Davis still did not mention the document request until July 11, 2013 when he sent an email to Plaintiff saying: "I have sent Mr. DiNicola another set of interrogatories to sign as the originals have been lost. I did not see any request for production directed to yeaman, desorbo, dinicola, Lincoln Place Residences, Inc., or Lincoln Place Residences Condominium Association, Inc. I have something directed to LINCOLN PLACE RESIDENCE (LPR), which is an undefined entity. Please advise." Counsel had waited from April 22, 2013 until this time to object to the abbreviation of the LPR name, which has been established with use for the past 18 months of this law suit. Plaintiff objected to the tactic, pointing out that he had formally requested an extension for the document production as render on May 22, 2013, knew full well that the entity was LPR Condominium Association, and did not object then to the Court or the

3

Plaintiff about the abbreviated name. Plaintiff had abbreviated the association name as she had done for18 months.

12. Defendant's counsel waited four days to reply to Plaintiff, on July 16, 2013with the following answer. "You may come to the association office to view the records Monday thru Thursday from 10am to 4pm for a maximum of 2 hours per day, not to exceed 2 office visits in any one month. Please contact me to set up an appointment. During those visits, you will be shown how to print documents for which .30 per page will be due in cash."

13 Plaintiff objected. All documents are to be found by the Defendant and supplied by the Defendant within the time frame; all the documents are supposed to be delivered together at the same time. They should have started on April 22, 2013 to find them, and it was obvious from the reply they had not even begun to look for them.

14. On July 16, 2013 Davis replied; "You can send someone else to review the docs so long as that person has limited power of atty to do so." Plaintiff replied that she had no one else to send. Although the defendant and counsel knew Plaintiff had left the country when they asked for the extension, Davis replied again on the same day, July 16, 2013 "Copy service or paralegal service can do it." Plaintiff said she could not afford to hire a paralegal to rummage through documents which were supposed to be found and provided by the Defendant and given to her. No mention to a change in the disc format and which was mention before or during their extension request. Plaintiff could have picked up documents between the time she asked for the disc format and when she left for Canada in June,

15. Plaintiff replied "I'm in Canada. Please send it to me by Friday or tell me you refuse, and I will do the motion to compel. And further on July 16, Plaintiff sent an email saying: "I was in

4

the US when I gave you the extension; had you been on time, I could have gone in person. I no longer can and you knew that. Please send it to me on disc as I have correspondence from Blue Sky saying that is how they deliver all information at this time and I will use that in my motion to compel."

16. Davis replied again on, July 17, 2013: "I am checking to see if we have staff to do it for you and what the fee would be.

17. Plaintiff replied: as they had not timely objected or provided any discovery document requests at all before the June 21, 2013 cutoff date, they had therefore lost any right to object to anything.

18 Plaintiff then send another email stating: "the fee should be the cost of one electronic disc and as Blue Sky is required to gather the information there should be no charge." Again, I have an email from Blue Sky saying they are now a paperless office and everything is electronically stored and delivered on disc and they no longer have the documents on paper repeat they are all on electronic disc"   "If it makes it easier they can just give me a copy of all the yearly discs and I will shift through it for what I want. That is the way it should be anyway." And she asked: "When can I expect the Di Nicola interrogatory?

20. On the same day, July 17, 2013 now almost 90 days from the time the documents were first requested, Davis replied: "You've asked for a large number of documents. I will get back to you on the fee for putting all of that together."

21 On the same day, July 17, 2013   Davis replied: "30.00 per hour plus .30 per copy"

22. Plaintiff replied to her former counsel again on July 17, 2013: "Steven I cannot afford that; it is available on disc, and I can prove it; all you have to do is copy it. I will pay 30 dollars plus mailing for the less than one hour it will take Blue Sky to point and click at their electronic files and give it to me.  Please advise whether I get my disc and then if not I will file a motion to compel.  You did not refuse the disc when I asked; I could have come personally if it had been done on time and you never objected."

23 Davis replied on July 17, 2013: "It seems to me that you've asked for a lot more than a simple set of condo documents. I can't imagine that all of the documents you requested are on a disc. Rather, they likely have to be pulled and then placed on a disc.  I will check on it"

It is not conclusory to say: after almost 90 days, clearly this was the first attempt Davis had made in an effort to request documents from the defendants; he should have known and communicated this to Plaintiff when she first request delivery by disc as she knew was the practice of Blue Sky

24. Plaintiff replied: "Thank you. I am sure you they are all stored electronically on BS computer all they have to do are hold done the shift key copy and paste and I can send the email that says that. It is kind of late to be checking into these things I asked for them three months ago, but thank you for cooperating. When will you have DiNicola's signed statement?

25. Davis replied by copying and pasting the following reply from Blue Sky;"

""From the association:  "We will provide access to records on our server. She may view the records in our office and may make copies and pay at that time. She is inquiring about years of records and her request is specific in nature as to which records she desires. It would take considerable time for my staff to go through each year of records to identify those she desires.

6

Because she is requesting specific records, it's not as simple as burning a CD for each year and delivering that to her."

The Association's reply is another indication that no one had lifted a finger to find the requested documents since April 22, 2013 with no timely objection made as to Plaintiff's request being unduly burdensome.

26. Still trying to cooperate to affect the document delivery, Plaintiff emailed back to agree to take a disc for each year, of *all* the information thus making it a simple point, click and burn, operation on a disc affecting deliver as they deliver to everyone else. Plaintiff offered to pay for the discs and mailing.

27 Counsel never replied after this last July 17, 2013 communication. Plaintiff filed her motion to compel on July 20, 2013 overnight mail.

28. On July 22 Davis sent and unsigned version of the DiNicola interrogatories. The sign version was received on July 24, 2013

29. Plaintiff's case will be greatly compromised if she does not compel presently accounted for or future discovery: from BSM BLG and LPR. She now has proven in what she did receive from Desorbo that there were seven unit owners that received the demand for rent letter over a period of time; Plaintiff only needs two to meet the RICO requirements, but she wants more information as to numbers and who did what when.

25 The law firm of Becker Poliakoff has acted in a very strange and unprofessional way that goes well beyond the lack of spirit of cooperation asked for in the Court's Discovery Handbook,

7

unless, assuming arguendo, they had advance knowledge of the Magistrate's decision to call this complaint a shot gun pleading and recommend dismissal for failure to state a claim, and--also arguendo, knew the District Judge would adopt the opinion, rendering their clear obfuscation moot. Then it would not seem strange to this Plaintiff. Plaintiff asks the Court to sanction Becker Poliakoff for their conduct during the discovery process and either extend the time for discovery or allow her to move to compel the discovery she has. Plaintiff researched to find details of emails during the discovery process may be included in the motion to sanction.

Plaintiff certifies in accordance with local Rule 7 she has consulted with all opposing counsel. They continue to object to any extension of time for anything.

Respectfully submitted this 26 day of July 2013

Andrea Silverthorne
PoBox 214
Lubec Me
04652
asilthorne @ aol.com
786-462-2551

## CERTIFICATE OF SERVICE

I HEREBY confirm a true copy of the foregoing has been sent by email this 18 day of July, 2013

to the following Service List: Andrea Silverthorne

**Steven M. Davis**
Becker & Poliakoff, PA
121 Alhambra Towers
10th Floor
Coral Gables, FL 33134
305-262-4433
Fax: 442-2232
Email: sdavis@becker-poliakoff.com

**Aaron Swimmer**
Swimmer Law Associates
1680 Michigan Avenue
Suite 1014
Miami Beach, FL 33139
305-535-0808
Fax: 305-397-8220
Email: als@SwimmerLawAssociates.com

**Aaron Lee Gordon**
LM Funding, LLC
Aaron Gordon
302 Knights Run Ave Suite 1000
Tampa Florida 33602
(813) 222-8996
Fax: (813) 253-3820
Email: AGordon@LMFunding.com

**Scott Chapman Davis**
Business Law Group, P.A.
301 W. Platt St
Suite 375
Tampa, FL 33606
(813) 379-3804 /Fax: (813) 221-7909 /email: sdavis@blawgroup.com:

