UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 12-20325-CIV-Martinez-McAliley

ANDREA K. SILVERTHORNE,

    Plaintiff,

v.

ALLAN YEAMAN, et. al.,

    Defendant.

## DEFENDANT LINCOLN PLACE RESIDENCES CONDOMINIUM ASSOCIATION, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant Lincoln Place Residences Condominium Association, Inc. responds to Plaintiff's Motion to Compel [D.E. 147] and states:

Plaintiff's Motion fails to comply with Local Rule 26.1(c) in that Plaintiff failed to file copies of the discovery matters in dispute contemporaneously with her motion. The Motion also fails to comply with Local Rule 26.1(h) as it is untimely. Plaintiff sent a large volume of interrogatorries, requests for admission, and a request for production to Defendants Lincoln Place Residence [sic], Daniel Dinicola, David DeSorbo, and Allen Yeaman. Defendants responded to all of the discovery.

Mr. Dinicola originally mailed rather than emailed his interrogatorries and they were lost. Plaintiff was advised of this. Mr. Dinicola, a former board member, was difficult to reach but finally sent via email and regular mail, a second fully executed set of interrogatorries. Those have been provided to Plaintiff.

As for the request for production, Defendant never objected to the documents being requested and had numerous email discussions with the Plaintiff regarding the method of production. Lincoln Place Residences Condominium Association, Inc. responded that the documents Plaintiff requested would be made available at the Defendant's office as they are kept in the normal course of business for inspection and copying as per the Federal Rules of Civil Procedure. Locating and extracting the records is a laborious process.

Under Fed. R. Civ. P. 34, it is well-settled that the producing party should not be forced to bear the costs of making copies of responsive materials for the requesting party. *See, e.g., Simms v. Ctr. for Corr. Health & Policy Studies*, 272 F.R.D. 36, 40 (D.D.C. 2011) (requiring defendant to pay for copying documents responsive to defendant's requests for production); *Prag Tierno v. Rite Aid Corp.*, No. C-05-02520, 2008 U.S. Dist. LEXIS 79624, *2-3 (N.D. Cal. Aug. 19, 2008) ("[a] party producing documents will ordinarily not be put to the expense of making copies for the requesting party.").[1]

Defendant does not object to producing the documents in compliance with the Federal Rules of Civil Procedure (i.e. inspection and copying). However, Plaintiff demanded that Defendant extract the specific documents and burn them onto a compact disc, all at Defendant's expense. Plaintiff was unwilling to pay for the expense. Due to the volume and specificity of said requests, it is overburdensome for Defendant to incur the time and expense necessary to review each document and provide a compact disc of same. The requests include official records of the

---

[1] *See also Clever View Inv., Ltd. v. Oshatz*, 233 F.R.D. 393, 394 (S.D.N.Y. 2006) ("[A] party need only make requested documents available for inspection and copying; it need not pay copying costs."); *Obiajulu v. Rochester*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996) (Fed. R. Civ. P. 34 does not require a responding party to pay for copying costs of voluminous materials).

Association. Those records are open to inspection and copying pursuant to Florida Statute 718.111(12)(c):

> The official records of the association are open to inspection by any association member or the authorized representative of such member at all reasonable times. The right to inspect the records includes the right to make or obtain copies, at the reasonable expense, if any, of the member. The association may adopt reasonable rules regarding the frequency, time, location, notice, and manner of record inspections and copying.

The undersigned suggested several alternative methods to assist the Plaintiff, such as retaining a clerk or paralegal service for the purpose of inspecting and copying. Plaintiff did not accept any of those options.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail this 31 day of July, 2013 to all parties identified on the attached Service List.

Respectfully submitted,

/s/ Steven M. Davis
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for the Defendants Lincoln Place Residences Condominium Association, Inc., Allen Yeaman, Daniel Dinicola, and David A. Desorbo

## Service List

Scott C. Davis, Esq.
Aaron L. Gordon, Esq.
Business Law Group, P.A.
301 West Platt Street, #375
Tampa, Florida 33606
E-mail: sdavis@blawgroup.com

Andrea Silverthorne
1610 Lenox Avenue, Apt. 506
Miami Beach, Fl. 33139
Email: andthorne@aol.com

Aaron Swimmer, Esq.
Swimmer Law Associates
1680 Michigan Avenue
Suite 1014
Miami Beach, FL 33139
305-535-0808
305-397-8220 (fax)
Email: als@SwimmerLawAssociates.com

Aaron Lee Gordon, Esq.
LM Funding, LLC
320 W. Kennedy Blvd.
Suite 400
Tampa, FL 33606
E-mail: AGordon@Lmfunding.com

ACTIVE: L17851/334073:4903665_1